

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

July 9, 2018

**BY ECF**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re:   SEC v. Anthony J. Thompson, Jr., Jay Fung, and
              Eric Van Nguyen, et al., 14-cv-9126 (KBF)

Dear Judge Forrest,

       We write in advance of the July 10, 2018 prehearing conference in this matter in order to provide the Court with additional background as to the status of this litigation. Unfortunately, it has become apparent that defendant Anthony J. Thompson ("Thompson") has engaged in a pattern of obfuscation and delay. The SEC has recently obtained documents from other litigations in which Thompson is involved[1] that suggest not only that he has deliberately delayed the discovery process in the SEC action, but that his misconduct might be far broader than originally thought, and that Thompson might have significant assets secreted abroad.

       As to defendant Jay Fung, he was agreed to a settlement offer that the staff is prepared to submit senior management and the Commission for review.

**Thompson's Refusal to Engage in Good Faith Discovery Practice**

       The SEC recently served discovery requests seeking documents produced in and related to the Matrimonial Case and the Trust Litigation. Within the last week, the SEC has learned that counsel for Thompson has boasted of her success in avoiding honoring her discovery obligations in this action, writing in a June 5, 2018 letter that by engaging in settlement discussions she's

---

[1] Thompson has been sued by relief Defendant Kendall Thompson ("Kendall T."), his current wife, for divorce, in the matter entitled *Kendall Thompson v. Anthony J. Thompson, Jr.*, Case No. 147268-FL (the "Matrimonial Case). He is also a litigation in a matter entitled *In the matter of the Arbitration Between Anthony Thompson, Sr. as the Managing Trustee of the AKT Trust II v. Kendall M. Thompson, Individually and as Next Friend of Skyler Alivian Thompson, Colten Riley Thompson and Beckham Carson Thompson, Minors*, Case No. 01-17-004-9166 (the "Trust Litigation"), in which Kendall T. alleges that Thompson has fraudulently diverted assets from a trust supposedly set up for the benefit of their children to pay for drugs and prostitutes, among other things.

"avoided for months having the SEC pursue substantial discovery." A copy of this letter is attached hereto as Exhibit A.

Getting discovery from Thompson in this action has been difficult, to say the least. The SEC served its first set of Discovery Requests on Thompson on February 2, 2018. While Thompson served a formal response on March 5, 2018, it was largely a series of boilerplate objections, falling prey to almost every defect condemned in the Judge Peck's magisterial opinion of *Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017), including failing to state the grounds for objections with specificity, failing to state whether responsive documents were being withheld on the basis of objections, and failing to specify the times for production. A copy of this Response is attached hereto as Exhibit B. After significant discussions and multiple prompts by the SEC, Thompson produced a supplemental response on April 9, 2018, and provided documents on or around the same date. At no time was any privilege log provided for documents withheld on grounds of privilege.

When the SEC served a Second Request for Documents on March 15, 2018, Thompson's April 27, 2018 Response (attached hereto as Exhibit C) failed to include any responsive documents, and responded to Interrogatories seeking the identification of specific persons by referring to Thompson and unnamed "others" (*see, e.g.*, Responses to Interrogatories 1 through 5).

Moreover, counsel, having identified two witnesses (Lance Seacrest and Pat Boyd) in Initial Disclosures as "c/o Thompson Hine" has failed to respond to subpoenas to them. The SEC had noticed depositions for these witnesses for July 19, and 20, 2018, but cannot proceed without obtaining these documents first.

Furthermore, when the SEC sent a subpoena to JF Kearney, Thompson's accountant, we were advised that Ms. Fritz was counselling him on how to respond. Finally, the SEC has noticed multiple depositions over the next few weeks, but it has been difficult to adequately prepare for them given the failure to get productions from various parties.

**Settlement Discussions in the Case At Bar**

Starting in March of this year, the SEC and Thompson have been discussing a consensual resolution of the case against him. Given that these settlement discussions appeared to be progressing, the SEC agreed to forbear from moving to compel responses to its various discovery requests. Thompson's counsel also sought extensions for responding to discovery due to a family illness, as well as the birth of a child, to which the SEC agreed.

The SEC and Thompson met several times, both in person and telephonically, from late March through the end of May, 2018, ultimately agreeing on the terms of an offer of settlement that the staff was prepared to recommend. On June 4, 2018, the staff sent Thompson's counsel a proposed consent and judgment.

After approximately two months of what the SEC believed were good faith settlement discussions, Thompson has failed to formally agree or execute the settlement papers sent to him.

### Information Obtained From the Matrimonial Case and the Trust Litigation

The SEC has learned from an initial and by necessity cursory review of some of the materials it has recently received of certain facts that are potentially material to the case at bar. These facts include that Thompson, in addition to the funds received in from the schemes set out in the Complaint, sold off OTC Solutions, Inc. for $6 million. The SEC was also informed that Thompson has been providing "consulting" services to companies located in Belize, might have been paid several million dollars in Belize. The SEC further learned that Thompson might have converted his ill-gotten gains into luxury cars and boats, and jewelry, including expensive watches. Finally, from reviewing the pleadings in those cases the SEC learned that Thompson was accused of similar dilatory and obfuscatory discovery tactics therein, including failing to adequately produce tax returns, banking information, and other financial data.

\* \* \* \* \*

The SEC looks forward to discussing the above at tomorrow's court conference.

Respectfully submitted,

Howard A. Fischer
(212) 336-0589
fischerh@sec.gov

cc:   Maranda Fritz (via ECF)
      James Sallah (via ECF)
      Roland Riopelle (via ECF)