THOMPSON  ATLANTA      CLEVELAND      DAYTON      WASHINGTON, D.C.
HINE           CINCINNATI      COLUMBUS      NEW YORK

June 6, 2018

Roy L. Kaufman, Esq.
Jackson & Campbell, P.C.
1120 20th Street NW Suite 300S
Washington, DC 20036

      Re:    *Anthony J. Thompson, Managing Trustee v. Kendall Thompson*
            *AAA Case No. 01-17-0004-9166*

Dear Mr. Kaufmann:

    This letter is written to advise the Arbitrator that, because of the decision issued by the Arbitrator on May 30, 2018, which appeared to agree to reconsider whether amounts could be paid to satisfy disgorgement figures in the pending New York actions, I am now unable to complete a settlement with the SEC that has been negotiated for months and was finally nailed down one week prior to the Arbitrator's decision. The SEC has made clear that, if we do not proceed with that settlement at this point, it will aggressively pursue discovery at considerable expense to the litigants, and will from that point on pursue significantly higher amounts than are contained in the settlement.

    The terms of the SEC settlement, described in the attached Affidavit of Riccardo DeBari, substantially mirror the agreement with the New York County District Attorney's Office ("DANY"), setting a disgorgement figure of $876,914,96. Over months of negotiations, I've sought to persuade the SEC to also reduce their demands for penalties and interests. The SEC held to a total figure of roughly $1.8 million for months but, at this point the SEC has proposed that a judgment against Mr. Thompson include additional figures of $147,488.76 in prejudgment interest as well as a total of $230,000 in penalties, for a total judgment of $1.2 million.

    Of critical importance is that the *disgorgement* figure, which comprises the portion of the resolution that involves a recovery or clawback of ill-gotten gains, is roughly equal to the amount that would be paid pursuant to the agreement with DANY and, as I've explained, we built into the plea agreement a provision that expressly allows us to pay that amount *directly to the SEC*. Declaration of Riccardo DeBari ("DeBari Dec.") at ¶¶ 7-12.[1] Thus, on payment of the amount of roughly $860,000, the restitution in the New York matter and the disgorgement aspect of the SEC settlement would both be satisfied. All that would remain would be a judgment against Mr. Thompson for interest and penalties, and he would be given a year to make those payments. While Mr. Thompson is not pleased that he would be assuming that burden, as to which he would not seek payment from the Trust, he understands that the alternative is to continue to

---

[1] Due to the confidentiality of these resolutions, we have not included copies of the communications from the SEC, which include both the May 23, 2018 email as well as draft settlement documents received yesterday, nor have we included the Plea Agreement, but we can provide those to the Arbitrator.

| THOMPSON HINE LLP | 335 Madison Avenue | www.ThompsonHine.com |
|---|---|---|
| ATTORNEYS AT LAW | 12th Floor | Phone 212.344.5680 |
| | New York, New York 10017-4611 | Fax 212.344.6101 |



Roy L. Kaufman, Esq.
June 5, 2018
Page 2

battle the SEC and face far greater exposure down the line. Similarly, the Trustee also pressed me to obtain a more favorable result but, in light of the costs and the risks associated with continued litigation, continues to seek authorization to disburse the amount of the resolution of the New York matter, $869,000.

That agreement cannot be finalized, however, if the Arbitrator is actually reconsidering whether the Trustee is permitted to disburse those funds. While I fully understood that the Respondent would continuously object to the payment, and I understood that there could be a delay in authorization for the actual payments, I had for months been relying on the Arbitrator's prior decision as I negotiated with the SEC, and I did not anticipate that the Arbitrator would agree to reconsideration. If that truly is the import of the Arbitrator's decision, then I have no ability to complete the settlement with the SEC. At the same time, I've avoided for months having the SEC pursue substantial discovery and the case was set for a conference before the District Court in June to discuss the status of the matter – one of the reasons that the SEC finally agreed to a much lower settlement figure. The SEC has made it abundantly clear that, if I'm unable to finalize the settlement, they will now aggressively pursue discovery (to avoid the risk of appearing dilatory in the eyes of the Court) and they will seek a judgment in amounts much higher than those that are contained in the settlement. In that event, the Trust would be exposed to substantially greater liability, as opposed to expenditure of a sum certain.

I ask for clarification from the Arbitrator as to whether the issue of the permissibility of the disbursements from the Trust is actually under reconsideration. If not, then I can proceed with a settlement but defer the time for the initial payment. If so, I want to alert all involved of the settlement terms that were negotiated, the fact that the settlement is available only for a limited period of time, and my view that those terms represent a favorable outcome for all concerned. I would also need to seek reconsideration of that decision in light of these factual updates and the clarification of the resolution of the New York matters contained in the DeBari Affidavit.

Thank you for your consideration.

Sincerely,

Maranda Fritz