UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY J. THOMPSON Jr.,<br>JAY FUNG, and ERIC VAN NGUYEN,<br><br>  Defendants,<br><br>JOHN BABIKIAN and KENDALL THOMPSON,<br><br>  Relief Defendants. | 14 Civ. 9126 (KBF) |

**DEFENDANT ANTHONY J. THOMPSON Jr. RESPONSES TO PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES</u>**

Defendant Anthony Thompson, Jr. ("Thompson") answers Plaintiff Securities and Exchange Commission First Set of Requests for Production ("Requests") and Interrogatories ("Interrogatories") as follows (collectively Mr. Thompson's answers and objections are referred to as, "Responses"):

<u>**GENERAL OBJECTIONS**</u>

1.  Thompson objects to each Interrogatory and Request to the extent they seek information protected by the attorney-client privilege or the work product doctrine.

2.  Thompson objects to each Interrogatory and Request insofar as they seek information equally available to Plaintiff, already in the Plaintiff's possession, custody and control, or within the possession, custody or control of persons whom Plaintiff has access to, and which therefore are available to the Plaintiff.

3. Thompson objects to each Interrogatory and Request to the extent it is not tailored to secure the just, speedy and inexpensive determination of this action, given the documents already provided to Plaintiff in other proceedings regarding the subject-matter alleged in this action.

4. Thompson objects to each Interrogatory and Request insofar as the information sought can be obtained from another source that is more convenient, less burdensome, or less expensive.

5. Thompson objects to Plaintiff's Requests to the extent they call for the creation of new documents.

6. Thompson submits these Responses without conceding the relevance or materiality of the subject matter of any document produced or responses made in response to the Plaintiff's Requests and Interrogatories. Thompson's Responses are not intended to be an admission by Thompson that any fact or circumstance allege in the Complaint occurred or existed, and these Responses are not intended to be, and shall not be construed as, an agreement with Plaintiff's characterization of any factor circumstance.

7. Any statement by Thompson that he will produce documents responsive to a particular Request is not a representation that such documents exists or that he acknowledges the propriety of the Request.

8. Thompson's Responses to Plaintiff's Requests and Interrogatories are based on Thompson's present knowledge, information and belief, and he reserves the right to alter, modify or supplement the information provided in his Responses.

9. These objections above apply to each of the Responses below, and the Responses set forth are not to be deemed a waiver, either in whole or in part, of any of these objections.

Notwithstanding the above objections, and without in any way waiving or limiting those objections, Thompson will attempt in good faith to provide Responses to the Requests and Interrogatories based on information known and reasonably available to Thompson.

The foregoing objections are incorporated by this reference into each separate response below as though fully set forth in each responses.

## OBJECTIONS TO INSTRUCTIONS

Thompson objects to Plaintiff's Definitions to the extent that they seek to impose a greater or different obligation on Thompson in responding to this discovery than imposed or authorized by the Federal Rules of Civil Procedure. Thompson will respond to the requests in accordance with said rules, notwithstanding any Instruction that purports to expand, or is contrary to, those rules.

## OBJECTIONS TO DEFINITIONS

1. To the extent Thompson adopts any term or definition presented by Plaintiff, they are adopted solely for convenience in responding to these demands, and Thompson does not accept any terms or definitions or concede that any of them are appropriate, descriptive, or accurate.

2. Thompson objects to Plaintiff's Definitions to the extent that they seek to impose a greater or different obligation on Thompson in responding to this discovery than imposed or authorized by the Federal Rules of Civil Procedure. Thompson will respond to the requests in accordance with said rules, notwithstanding any Instruction that purports to expand, or is contrary to, those rules.

3. Thompson objects to Plaintiff's Definitions to the extent that they purport to require Thompson to produce information and documents in responding to Plaintiff's

requests other than the information and documents that are within Thompson's possession, custody or control.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS

1.  All documents concerning any of the Stocks during the Relevant Period, including without limitation:

> a. All documents concerning your purchases, sales, or other receipt or disposition of the Stocks (or purchases, sales, or other receipt or disposition of the Stocks for your beneficial interest), including without limitation (i) all documents concerning the source of your holdings of the Stocks and (ii) all account statements for any and all securities accounts maintained in your name, for your benefit, or under your control or maintained in the name of any of the Thompson Companies, for the benefits of any of them, or under their control and reflect transactions in any of the Stocks;
>
> b. All communications concerning the Stocks, including without limitation all emails, texts, instant messages, voicemails, letters and app communications;
>
> c. All documents concerning the Newsletters or any drafts thereof, including without limitation all Newsletters and all drafts thereof, all communications concerning the Newsletters and any drafts thereof, all documents reflecting the dates or times when Newsletters were disseminated, all documents reflecting any one or more recipients of any of the Newsletters, and all documents reflecting any information contained in the Newsletters;
>
> d. All documents concerning any research, inquiry, or investigation that you, the Thompson Companies, the Newsletters, or any person or entity acting on behalf of any of the foregoing conducted concerning the Stocks;
>
> e. All documents concerning Anything of Value that you received, directly or indirectly, in connections with the Newsletters or any work or service you performed in connection with the Newsletters; and
>
> f. All documents concerning Anything of Value that you received, directly or indirectly, for otherwise promoting or disseminating any information (regardless of its truth or falsity) to anyone about the Stocks.

**RESPONSE:** Documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.  Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

2. All bank account statements and supporting transaction documents during the Relevant Period – including without limitation checks, deposit slips, and wire records – for all bank accounts maintained in your name, for your benefit, or under your control.

**RESPONSE:** This Request is overly broad and not proportional to the needs of the case considering that the burden and expense of the requested discovery of "[a]ll bank account statements and supporting transaction documents" outweighs its likely benefit. Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.  Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

3. All bank account statements and supporting transaction documents during the Relevant Period – including without limitation checks, deposit slips, and wire records – for all bank accounts maintained in the name of any of the Thompson Companies, for the benefit of any of them, or under the control of any of them.

**RESPONSE:** This Request is overly broad and not proportional to the needs of the case considering that the burden and expense of the requested discovery of "[a]ll bank account statements and supporting transaction documents."  Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of

Plaintiff.  Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

4.     All documents concerning a wire transfer of $200,000 on December 23, 2009 from Microcapster Corp.'s bank account to, directly or indirectly, Relief Defendant Kendall Thompson.

**RESPONSE:**  Documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.  Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

5.     Without any date restriction, all documents concerning (including without limitation documents tending to support or tending to refute) any denial or defense – including any affirmative defense – contained in your Answer in this Action, including without limitation:

    a.  All documents concerning your claim that the Newsletters contained sufficient disclaimers; and

    b.  All documents concerning the "various factors" that your Answer claims resulted in price movements in the Stocks.

**RESPONSE:**  Thompson objects to this Request insofar as it calls for production of documents without a date restriction.   Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.  Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are not publicly available, are in his possession and have not heretofore been provided to Plaintiff.

6

      6.    Without any date restriction, all documents concerning any Advice, including without limitation:

      a.    All documents concerning the advice to which paragraph two of your Answer refers;

      b.    All communications with any lawyer or law firm concerning any Advice;

      c.    All documents concerning any communication with any lawyer or law firm concerning any Advice by such lawyer or other lawyers;

      d.    Any and all written memoranda, opinion, or work product incorporating any Advice;

      e.    All documents reflecting bills or payments or challenges thereto – including without limitation invoices, descriptions of services provided, time sheets, checks, and wires – to or from any attorney or law firm that provided Advice; and

      f.    All documents concerning any steps you, the Newsletters, or the Thompson Entities took or did not take in connection with any Advice.

**RESPONSE:** Thompson objects to this Request insofar as it calls for production of documents without a date restriction. Thompson further objects to this Request on the grounds that it is overly broad and unduly burdensome insofar as it calls for "[a]ll documents concerning any steps [Mr. Thompson] . . . did not take." Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff. Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

1. Name each person with knowledge relevant to any of the Complaint's allegations.

**RESPONSE:** Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Interrogatory is vague and ambiguous due to the use of the term "any of the Complaint's allegations."

Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to the Complaint's allegations:

    a. Anthony J. Thompson, Jr.

    b. Jay Fung

    c. Eric van Nguyen

    d. Kevin Sepe

    e. Luz Rodriguez

    f. Daniel Grodnick

    g. Hannah Shmieder

    h. Lance Seacrest

    i. Pat Boyd

    j. Leslie Marlow

    k. Hank Gracin

    l. Brent Baker.

2. Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any of the Complaint's allegations.

**RESPONSE:** Subject to, and without waiving any of his General Objections, Thompson states that he believes any documents relevant to any of the Complaint's allegations are in files within the possession and control of each of the individuals listed in Interrogatory #1.

Moreover, all such relevant documents have been produced in the parallel action adjudicated in the New York State Supreme Court, styled, *People v. Thompson, et al.*, Ind. No. 3853/2014, and are within the possession, custody and control of the District Attorneys' Office of New York and Mr. Thompson's defense counsel.

3. Name each person with knowledge relevant to any of your Answer's denials or Affirmative Defenses.

**RESPONSE:** Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Interrogatory is vague and ambiguous due to the use of the term "any of the Complaint's allegations."

Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to the Answer's denials and/or Affirmative Defenses:

a. Anthony J. Thompson, Jr.

b. Jay Fung

c. Eric van Nguyen

d. Kevin Sepe

e. Luz Rodriguez

f. Daniel Grodnick

g. Hannah Shmieder

h. Lance Seacrest

   i.  Pat Boyd

   j.  Leslie Marlow

   k.  Hank Gracin

   l.  Brent Baker.

  4. Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any of your Answer's denials or Affirmative Defenses.

  **RESPONSE:** Subject to, and without waiving any of his General Objections, Thompson states that he believes any documents relevant to any of the Answer's denials and/or Affirmative Defenses are in files within the possession and control of each of the individuals listed in Interrogatory #3.

  Moreover, all such relevant documents have been produced in the parallel action adjudicated in the New York State Supreme Court, styled, *People v. Thompson, et al.*, Ind. No. 3853/2014, and are within the possession, custody and control of the District Attorneys' Office of New York and Mr. Thompson's defense counsel.

  5. Name each person with knowledge of your role during the Relevant Period – including without limitation your control, management, compensation, and responsibilities – with respect to the Newsletters.

  **RESPONSE:** Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Thompson objects to the terms "control" and "responsibilities" insofar as they are vague, ambiguous and subject to multiple interpretations.

  Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to Mr. Thompson's role with respect to the Newsletters:

10

      a.      Anthony J. Thompson, Jr.

      b.      Jay Fung

      c.      Eric van Nguyen

      d.      Kevin Sepe

      e.      Luz Rodriguez

      f.      Daniel Grodnick

      g.      Hannah Shmieder

      h.      Lance Seacrest

      i.      Pat Boyd

      j.      Leslie Marlow

      k.      Hank Gracin

      l.      Brent Baker.

6.      Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any defense based upon advice of counsel.

**RESPONSE:** Subject to, and without waiving any of his General Objections, Thompson states that he believes any documents relevant to Mr. Thompson's role with respect to the Newsletters are in files within the possession and control of each of the individuals listed in Interrogatory #5.

Moreover, all such relevant documents have been produced in the parallel action adjudicated in the New York State Supreme Court, styled, *People v. Thompson, et al.*, Ind. No. 3853/2014, and are within the possession, custody and control of the District Attorneys' Office of New York and Mr. Thompson's defense counsel.

7.     Name each person with knowledge of any of your trades (or trades on your behalf or for your beneficial interest or at your direction) in the Stocks during the Relevant Period.

**RESPONSE:**     Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Thompson objects to the terms "trades,"  "trades on your behalf" and "[trades] for your beneficial interest," and "[trades] at your direction" insofar as they are vague, ambiguous and subject to multiple interpretations.   Thompson further objects to the term "knowledge" in this Interrogatory insofar as it is vague, ambiguous and subject to multiple interpretations.

Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to Mr. Thompson's trades:

a.     Anthony J. Thompson, Jr.


8.     Name each attorney and law firm who provided you with any Advice, including without limitation the advice to which paragraph two your Answer refers.

**RESPONSE:**     Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, Thompson asserts the following attorneys and law firms provided him with Advice, as defined in the Interrogatory Definitions:

a.     Leslie Marlow

b.     Hank Gracin

c.     Brent Baker.


Dated:  New York, New York
        March 5, 2018

                                                    THOMPSON HINE LLP

By:  /s/ Maranda Fritz

335 Madison Avenue
New York, New York 10017
(212) 344-5680
Email:

4823-2325-6414.1