

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

July 25, 2018

**BY ECF**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

> Re:  SEC v. Anthony J. Thompson, Jr., Jay Fung, and
> Eric Van Nguyen, et al., 14-cv-9126 (KBF)

Dear Judge Forrest,

Pursuant to Fed.R.Civ.Proc. 37, Local Rules 37.1 and 37.2, and the Court's Individual Rule of Practice 2(F), the Securities and Exchange Commission ("SEC") hereby moves to compel proper responses to the foregoing discovery requests from defendant Anthony J. Thompson, Jr. ("Thompson"). As the Court directed, the SEC conferred with Thompson's counsel in an effort to resolve the outstanding issues set forth below, but Thompson's promises to provide additional information by July 18, 2018, have proven illusory.

**A Brief History of the Discovery Dispute**

The SEC's first set of Discovery Requests on Thompson, served on February 2, 2018, Thompson's First Response, dated March 5, 2018 ("First Response"), and Thompson's supplemental response dated April 9, 2018 ("Supp. Response"), are attached hereto as Exhibit A. The SEC's Second Request for Documents, served on March 15, 2018, and Thompson's April 27, 2018 Response ("Second Response") are attached hereto as Exhibit B.

After the Court ordered the parties to meet and confer at the July 10, 2018 Conference, the SEC sent Thompson's counsel a list of open discovery items it wished to address. That list is attached hereto as Exhibit C. The parties met telephonically on July 13, 2018, and during that call counsel for Thompson promised to provide supplemental responses to the SEC on or before the following Wednesday, July 18, 2018. The SEC sent Thompson an email after the call summarizing what was agreed upon, and received no dispute as to its accuracy. A copy of that confirmatory email is attached hereto as Exhibit D.[1]

---

[1] The SEC served a Third Discovery Request on July 5, 2018, but Thompson is not yet in default in responding thereto as of the time this Motion to Compel was submitted.

Notwithstanding Thompson's various promises, there was no further response on July 18, 2018.

I. **Thompson Should Be Compelled to Respond to the SEC's Discovery Requests**

A. Thompson Should Be Compelled to Provide a Privilege Log.

Thompson objected, generally, to producing materials on the basis of privilege (*see, e.g.*, First Response, p. 1) and in response to many specific document requests. (First Response, pp. 4-7; Supp. Response, pp. 5; Second Response, pp. 2-5)(stating that Thompson would produce "non-privileged documents"). As Exhibit D sets out, Thompson promised to advise the SEC whether any otherwise responsive materials were withheld on grounds of privilege, but nothing was forthcoming. Consequently, the SEC is hampered in its ability to pursue discovery, including determining whether or not otherwise responsive items were wrongfully identified as privileged.

Pursuant to, *inter alia*, Fed. R. Civ. Proc. 26 and Local Civil Rule 26.2, any objection to production on the basis of privilege must be accompanied by a privilege log. *Obeid v. Mack*, 2016 WL 7176653, *2 (S.D.N.Y. Dec. 9, 2016); *SEC v. Yorkville Advisors*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014); *see also* 2 Civil Practice in the Southern District of New York § 14:4 (2d Ed. 2017). No log has been provided. Because Thompson has failed to advise, as promised, whether any materials were withheld on the grounds of privileged, he should be compelled to do so and/or provide a privilege log by August 5, 2018.[2]

B. Thompson Should Be Compelled to Stamp and Organize Documents by Request.

On or about April 9, 2018, Thompson produced approximately 82,000 documents – without any bates stamps, index, or indication as to what documents responded to which request by the SEC. Consequently, the SEC has no reasonable way of determining how responsive Thompson has been, and is hampered in determining the scope of any motion to compel.

Fed.R.Civ.Proc. 34(b)(2)(E)(i) provides that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." *See also Braten v. Kaplan*, 2012 WL 843496. * (S.D.N.Y. Mar. 12, 2012) (ordering producing party to label which documents respond to which requests).[3] Thompson has merely dumped what documents he has provided without identifying which documents

---

[2] Due to the current fact discovery cut-off of August 31, 2018, the SEC is requesting that the Court Order responses to the outlined discovery deficiencies on an expedited basis. Should the Court, as requested below, extend that deadline, a slightly lengthier time-frame for Thompson's responses might be appropriate.

[3] While a party can also produce materials in the same fashion as they were kept in the ordinary course of business, it bears the burden of proving that this is what it has done. *Century Jets Aviation LLC v. Alchemist Jet Air LLC*, 2011 WL 724734, *3 (S.D.N.Y. Feb. 7, 2011); *Carl v. Edwards*, 2017 WL 4271443, * 5 (E.D.N.Y. Sept. 25, 2017) ("courts generally require the party to explain how its documents are organized in the ordinary course of business and what steps the party took to search and produce the documents."); *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 334 (N.D.N.Y. 2008) (burden of proof requires more than merely asserting claim that documents were produced as kept in the ordinary course of business). Not only has Thompson not proven that this is how documents were produced, he has not even made an assertion that this is what he did.

responded to which Request, making it immeasurably more difficult to ascertain how complete their production has been. Consequently, the SEC respectfully requests that the Court Order Thompson to produce a bate-stamped set of documents, and identify which documents correspond to which requests, by August 5, 2018.

      C.   Thompson Should Be Compelled to Identify which Prior Productions Purportedly Respond to New Requests.

In its Second Request (Exhibit B), the SEC requested documents regarding various factual assertions made by Thompson's publications, including those "supporting or providing a factual basis for the belief that Blast 'is flying under the radar' and that 'it has the ability to shock micro-cap investors with serious percentage gains'" (Request No.1); "the emails received by ExplicitPicks.com 'from investors all over the world thanking it for its pick of Blast Applications'" (Request No. 2); documents "relating to the visits paid by business analysts to Blue Gem and its warehouse facilities" (Request 5); documents "concerning or constituting the 'research and due diligence' done by business analysts (Request No. 7); and documents "supporting or providing a factual basis for the statement that Mass Hysteria's core management had a combined $1.36 billion in box office sales." (Request No. 10). *See also* Exhibit B, Document Requests 3-4, 6, 8-9.

In response, Thompson stated that responsive materials have previously been provided "which subsumes the documents sought" but has failed to identify which previously produced materials were produced, and the Requests to which they are responsive, making it impossible for the SEC to determine whether documents responsive to these Requests were actually produced. As the confirmatory email annexed hereto as Exhibit D sets out, Thompson was to state by Wednesday, July 18, 2018 whether documents responsive to the SEC's Second Request for Documents were previously produced, and identify which previously produced materials are responsive to each Request, but failed to do so. The SEC therefore respectfully requests that Thompson be Ordered to do so by August 5, 2018.

      D.   Thompson Should Be Compelled to State Whether Documents Were Withheld Due to Objections.

Thompson's various responses asserted numerous objections, yet failed to state whether or not any documents were being withheld on the basis of those objections. This is patently improper. Fed.R.Civ. Proc 34(b)(2)(C) requires that an objecting party state whether any responsive materials are being withheld on the basis of that objection. *Edwards v. Hearst Comm., Inc.*, 2017 WL 6458612, *6 (S.D.N.Y. Dec. 18, 2017); *Fischer v. Forrest*, 2017 WL 773694, *1 (S.D.N.Y. Feb. 28, 2017). Thompson broke his commitment to do so by July 18, 2018, and should be ordered to do so by August 5, 2018.

      E.   Thompson Should Be Compelled to Properly Identify Lost or Destroyed Materials.

Thompson stated in various responses that he would produce responsive documents "to the extent they exist" – which implies that otherwise responsive documents no longer exist, were lost, or destroyed. At the parties July 13 meet-and-confer, Thompson's counsel stated that it was her understanding that this just meant that Thompson could only produce what existed and to her knowledge nothing was lost or destroyed.  She promised to confirm whether or not responsive

documents have been lost or destroyed by Wednesday, July 18, 2018, but has not done so. The SEC requests that the Court issue an Order requiring Thompson to state by August 5, 2018, whether or not any responsive documents have been destroyed, and if so, to detail the circumstances of their destruction. Abu Dhabi Commer. Bank v. Morgan Stanley & Co., 2011 WL 3738979, * 7 (S.D.N.Y. Aug. 18, 2011) (party must "provide a detailed explanation regarding why [the documents] cannot be located or produced.")

      F.   Thompson Has Interfered With The SEC's Attempts to Obtain Discovery Regarding His "Advice of Counsel" Defense"

In his Answer [Docket Entry 80], Thompson asserted as an affirmative defense that he worked with and relied on counsel (Answer ¶ 2). To examine that defense, the SEC has sought discovery of those attorneys, including but not limited to the counsel identified in Thompson's Initial Disclosures (Exhibit E hereto), including the firms of Gracin & Marlow LLP and Clyde Snow & Sessions. See Exhibit E, items 9-11 on p. 4.

The SEC issued a subpoena to Lehman & Eilen, one of the firms that represented Thompson, seeking documents regarding advice the firm provided regarding the disclaimers at issue. We have been advised that the firm cannot produce these materials until it obtains a waiver of privilege from Thompson. The SEC respectfully requests that the Court Order Thompson to provide that waiver by August 5, 2018.

      G.   Thompson Should Be Compelled to Identify "Others" Referenced in Interrogatory Responses.

In its Second Request, the SEC asked Thompson to identify the "business analysts" to which certain promotion materials referred (Interrogatories Nos. 1 and 2), "the persons constituting 'our team' referred to in Paragraph 58 of the Complaint" (Interrogatory No. 3), persons purportedly performing due diligence (Interrogatory No. 4) and "the persons constituting 'our team' referred to in Paragraph 58 of the Complaint." (Interrogatory No. 5). In response to each Interrogatory, Thompson identified himself "and others." The Southern District's Local Rule 26.3(c)(3) requires, however, that in order to identify a person, one must "give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." The SEC requests that the Court Order Thompson to adhere to the instructions set out in the Local Rules, and provide the required information of those persons by August 5, 2018.

## II.   Other Outstanding Discovery Issues

      A.   It Appears that Thompson Has Interfered With Discovery Served On His Accountant

On March 6, 2018, the SEC served a subpoena on JF Kearney, Thompson's accountant. When the SEC staff followed up to determine why JK Kearney had not produced documents Thompson's counsel contacted the SEC staff and discussed the Maryland accountant-client privilege, although the firm had not objected to the subpoena on that – or any other – basis. When the staff sought clarification of the role being played by Thompson's counsel in JF Kearney's

response, Thompson's counsel stated that she did not represent JF Kearney but would be working with them if discovery proceeded because her client had an interest in the firm's records.

While Thompson confirmed at the meet-and-confer that responsive documents existed and that JF Kearney would provide those responsive documents to the SEC by July 27, 2018, the SEC is concerned that without a Court Order to that effect it is unlikely to happen. The SEC therefore requests that Thompson be Ordered to provide these documents on or before July 27, 2018.

 B. <u>Thompson Failed To Provide Contact Information for Persons Identified on Their Initial Disclosures</u>

Thompson's Initial Disclosures identified two witnesses, Lance Seacrest and Pat Boyd, stated that they were "knowledgeable about the business operations of Mr. Thompson's newsletter companies and the newsletters distributed." Exhibit E, items 7 and 8, at p.4. Thompson and provided their address as "c/o Thompson Hine" at the address of Thompson's firm. The SEC then served subpoenas for documents and deposition notices for both witnesses at the address provided.

Yet even though counsel provided her own address as the relevant contact, there was no response to either the SEC's document requests or deposition notices (attached hereto as Exhibit F.) At the parties' July 13 meet and confer counsel represented that she would contact them and seek their authorization to release their contact information, but has failed to do so. The SEC has sought to independently ascertain the location of these witnesses but has been unable to find the location of these persons. The SEC had noticed depositions for these witnesses for July 19, and 20, 2018, but cannot proceed without obtaining these documents first. The SEC therefore requests that Thompson be Ordered to provide their last known contact information by August 5, 2018.

 C. <u>Andrew Vines</u>

Andrew Vines, who apparently worked for Thompson's firm, OTC Solutions, has appeared on communications with Thompson's former lawyers discussing newsletter disclosures. The SEC requested that Thompson provide information on the whereabouts of Andrew Vines. So far, the SEC has received no response to its requests. Consequently, the SEC requests that the Court Order Thompson to provide this information by August 5, 2018.

**III.**   <u>Scheduling Issues: A Proposed Resolution</u>

The SEC has been diligently working to schedule the depositions needed to complete discovery as expeditiously as possible. The SEC noticed the depositions of Anthony Thompson (re-scheduled to August 8, 2018), Kendall Thompson (August 3, 2018), Lance Seacrest (July 19, 2018), and Pat Boyd (July 20, 2018). The SEC also issued deposition subpoenas to Ronny Halperin (August 30, 2018) and Kevin Sepe (re-scheduled to August 24, 2018). However, it has run into certain obstacles, interposed in large part by Thompson and his failure to provide discovery on a timely and complete basis. The failure to obtain adequate and proper disclosure from Thompson complicates the process of preparing for those depositions, including that of Thompson, which is obviously central to this action. In addition, despite having listed Seacrest and Boyd as "c/o" her firm, Thompson's counsel has now informed the SEC that she can't represent those individuals and therefore cannot produce them for depositions.

The Honorable Katherine B. Forrest
July 25, 2018
Page 6

Even though the SEC has been hampered in its ability to fully prepare for Thompson's deposition, which is essential, it has been mindful of the Court's deadlines and had reached an agreement with the remaining parties to schedule that deposition for August 8, 2018. That effort has now hit an additional roadblock. Last Friday afternoon, Thompson's counsel advised that both Thompson and counsel were unavailable until after August 14, 2018. (This email is attached as Exhibit G). As the undersigned has previously mentioned, he is occupied on trial preparation the week of August 13 and will not be available until August 22, 2018 (assuming the hearing before Judge Caproni goes only two days, as expected). The SEC has therefore advised counsel that the Thompson deposition would go forward as scheduled unless the Court agreed to extend the discovery deadlines.

Furthermore, Jay Fung, one of Thompson's co-conspirators, is in federal prison. The process of deposing him in prison requires advance notice and coordination with prison staff.

The SEC respectfully submits that it is disadvantaged because it has been attempting to obtain the disclosure sought, and has been either stonewalled or given dates that prove to be empty promises. It is unfair that the SEC be penalized because it has been working in good faith with Thompson, and that good faith has apparently not been reciprocated. Consequently, in order to ensure that this case is litigated on a full record, the SEC respectfully requests that the Court allow the parties an additional 90 days to complete fact discovery. The SEC proposes that this can be done by adjourning the dates and deadlines in the Court's November 20, 2017 Scheduling Order by 60 days, and including expert discovery in the same window as fact discovery. Thus, the parties would have until November 28, 2018 to complete all discovery, fact and expert, which would only require a 60 day adjournment of the other dates in the Court's scheduling Order.

\*     \*     \*     \*

As set forth above, the SEC respectfully requests that Thompson be Ordered to provide the information and disclosure requested by August 5, 2018 (or at some later date should the Court agree to extend discovery deadlines). Furthermore, the SEC respectfully requests that the parties be given until November 28, 2018 to complete all discovery, fact and expert, and that all other dates in the Court's Scheduling Order [Docket Entry 79] be extended 60 days. Defendant Fung and Relief Defendant Kendall Thompson have consented to this request; Thompson's counsel has not responded to multiple emails asking if there was any objection to the requested extension.

Respectfully submitted,

s/ Howard Fischer
Howard A. Fischer
(212) 336-0589
fischerh@sec.gov

cc:     All counsel (via ECF)