UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

                    v.

ANTHONY J. THOMPSON Jr.,
JAY FUNG, and ERIC VAN NGUYEN,

                              Defendants,

JOHN BABIKIAN and KENDALL THOMPSON,

                              Relief Defendants.

---

14 Civ. 9126 (KBF)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES
TO DEFENDANT ANTHONY J. THOMPSON Jr.**

Plaintiff Securities and Exchange Commission (the "Commission") — under Rules 26,

33, and 34 of the Federal Rules of Civil Procedure (the "Rules") and Rules 26.2, 26.3, and 33.3

of the Local Civil Rules of the United States District Court for the Southern District of New

York (the "Local Rules") — requests that Defendant Anthony J. Thompson Jr. ("Thompson"), in

accordance with the definitions and instructions set forth below, (1) produce or begin producing

the documents called for by the following document requests (the "Requests") within 30 days

from the date of service of these Requests, at the Commission's offices, located at Brookfield

Place, 200 Vesey Street, Room 400, New York, NY 10281-1022 (the "Commission's Address"),

and (2) answer the following interrogatories (the "Interrogatories") under oath by serving his

answers on the Commission's undersigned counsel at the Commission's Address, within 30 days

of the date of service of these Interrogatories.

## DEFINITIONS

1.      The definitions and constructions set forth in Local Rules 26.3(c) and 26.3(d) are fully incorporated here by reference.

2.      "You" and "your" refers to Thompson and the Thompson Companies (defined below).

3.      "Advice" means any and all advice you received from any lawyer or law firm concerning any written Newsletters (defined below) or any written materials that you or any Thompson Entities (defined below), directly or indirectly, disseminated concerning any securities, including without limitation the advice referred to in paragraph two of your Answer.

4.      "Anything of Value" means anything with any value whatsoever to anyone—whether actual, nominal or notional value—including without limitation money, assets, securities, options contracts, futures contracts, real property, personal property, the use of real or personal property, credit extended, gambling credits, gambling chips, reimbursement of expenses, or the extinguishing of a debt or lien.

5.      "Blast" means Blast Applications, Inc. ("Blast") and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

6.      "Blue Gem" means Blue Gem Enterprise, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

2

7.     "Lyric" means Lyric Jeans, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

8.     "Mass Hysteria" means Mass Hysteria Entertainment Company and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

9.     "Smart Holdings" means Smart Holdings, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

10.    The "Stocks" means one or more of Blast, Blue Gem, Lyric, Mass Hysteria, and Smart Holdings or the securities issued by any one or more of them.

11.    "Criminal Proceeding" means the criminal proceeding in the New York State Supreme Court captioned *People v. Anthony Thompson et al.*, Indictment No. 03853/2014.

12.    "Newsletters" refers to any one or more newsletters controlled by Thompson, the Thompson Companies (as defined below), or any entity under the control of Thompson or the Thompson Companies—including without limitation—ExplicitPicks.com, PremierPennyStocks.com, ExplicitPennyPicks.com, FreeInvestmentReport.com, FreePennyAlerts.com and OxofWallStreet—concerning any of the Stocks or any of the Stocks' issuers.

13.    "Thompson Companies" means every entity owned and/or controlled by Thompson during any portion of the years 2009 and 2010, including, without limitation, OTC

3

Solutions, Microcapster, and Gardner Creek Capital, their predecessors, successors, affiliates, and subsidiaries, as well as their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on their behalf.

## INSTRUCTIONS

1.  Produce all documents described below in the Requests section, insofar as the documents are in your possession, custody, or control, under Rule 34(a), including without limitation documents in the custody or control of your attorneys or agents. You do not need to re-produce documents that you have already produced to the Commission during its investigation leading to this litigation.

2.  Under Rule 34(b)(2)(B), with respect to each numbered category of the Requests below, respond by either stating that you will produce such documents (by producing copies or producing originals for inspection and copying) or stating with specificity the grounds for objecting to the request, including the reasons.

3.  Under Rule 34(b)(2)(C), any objection you make to producing documents responsive to a numbered category below must state whether any responsive documents are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of (or you must produce) the remaining documents.

4.  For each document, or portion thereof, that you seek to withhold on the basis of any privilege or protection, provide a written response containing the information required by Rule 26(b)(5)(A) and Local Rule 26.2.

5.  Under Rule 34(b)(2)(E)(i), the Commission requests that you organize and label documents produced in response to the Requests to correspond to the Requests' numbered categories.

6.      Under Rule 33(b)(2), serve your responses to the Interrogatories below within 30 days of being served with the Interrogatories.

7.      Under Rule 33(b)(3), answer each Interrogatory separately and fully in writing under oath, to the extent you do not object to the Interrogatory.

8.      Under Rule 33(b)(5), sign your answers to these Interrogatories.

9.      Under Rule 33(b)(4), if you object to an Interrogatory, state your grounds for objection with specificity.

10.     The relevant period that applies to these Requests and Interrogatories, unless otherwise stated, is January 1, 2009 through December 31, 2010 (the "Relevant Period").

11.     These Requests and Interrogatories are continuing. To the extent that you obtain information or documents that change or require correction or supplementation of your responses to the Requests or Interrogatories after you serve your responses on the Commission, you must promptly serve supplemental responses reflecting the new information and produce any additional documents, pursuant to Rule 26(e)(1).

## DOCUMENT REQUESTS

1.      All documents concerning any of the Stocks during the Relevant Period, including without limitation:

    a.      All documents concerning your purchases, sales, or other receipt or disposition of the Stocks (or purchases, sales, or other receipt or disposition of the Stocks for your beneficial interest), including without limitation (i) all documents concerning the source of your holdings of the Stocks and (ii) all account statements for any and all securities accounts maintained in your name, for your benefit, or under your control or maintained in the name of any of the Thompson Companies, for the benefit of any of them, or under their control that reflect transactions in any of the Stocks;

    b.      All communications concerning the Stocks, including without limitation all emails, texts, instant messages, voicemails, letters, and app communications;

    c.      All documents concerning the Newsletters or any drafts thereof, including without limitation all Newsletters and all drafts thereof, all communications concerning the Newsletters and any drafts thereof, all documents reflecting the dates or times when Newsletters were disseminated, all documents reflecting any one or more recipients of any of the Newsletters, and all documents reflecting any information contained in the Newsletters;

    d.      All documents concerning any research, inquiry, or investigation that you, the Thompson Companies, the Newsletters, or any person or entity acting on behalf of any of the foregoing conducted concerning the Stocks;

    e.      All documents concerning Anything of Value that you received, directly or indirectly, in connection with the Newsletters or any work or service you performed in connection with the Newsletters; and

    f.      All documents concerning Anything of Value that you received, directly or indirectly, for otherwise promoting or disseminating any information (regardless of its truth or falsity) to anyone about the Stocks.

2.     All bank account statements and supporting transaction documents during the Relevant Period—including without limitation checks, deposit slips, and wire records—for all bank accounts maintained in your name, for your benefit, or under your control.

3.     All bank account statements and supporting transaction documents during the Relevant Period—including without limitation checks, deposit slips, and wire records—for all bank accounts maintained in the name of any of the Thompson Companies, for the benefit of any of them, or under the control of any of them.

4.     All documents concerning a wire transfer of $200,000 on December 23, 2009 from Microcapster Corp.'s bank account to, directly or indirectly, Relief Defendant Kendall Thompson.

5.     Without any date restriction, all documents concerning (including without limitation documents tending to support or tending to refute) any denial or defense—including any affirmative defense—contained in your Answer in this Action, including without limitation:

    a.      All documents concerning your claim that the Newsletters contained sufficient disclaimers; and

    b.      All documents concerning the "various factors" that your Answer claims resulted in price movements in the Stocks.

6.     Without any date restriction, all documents concerning any Advice, including without limitation:

    a.      All documents concerning the advice to which paragraph two of your Answer refers;

  b.  All communications with any lawyer or law firm concerning any Advice;

  c.  All documents concerning any communication with any lawyer or law firm concerning any Advice by such lawyer or other lawyers;

  e.  Any and all written memoranda, opinion, or work product incorporating any Advice;

  f.  All documents reflecting bills or payments or challenges thereto—including without limitation invoices, descriptions of services provided, time sheets, checks, and wires—to or from any attorney or law firm that provided Advice; and

  g.  All documents concerning any steps you, the Newsletters, or the Thompson Entities took or did not take in connection with any Advice.

## <u>INTERROGATORIES</u>

1.  Name each person with knowledge relevant to any of the Complaint's allegations.

2.  Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any of the Complaint's allegations.

3.  Name each person with knowledge relevant to any of your Answer's denials or Affirmative Defenses.

4.  Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any of your Answer's denials or Affirmative Defenses.

5.  Name each person with knowledge of your role during the Relevant Period—including without limitation your control, management, compensation, and responsibilities—with respect to the Newsletters.

6.  Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any defense based upon advice of counsel.

7.  Name each person with knowledge of any of your trades (or trades on your behalf or for your beneficial interest or at your direction) in the Stocks during the Relevant Period.

8.      Name each attorney and law firm who provided you with any Advice, including without limitation the advice to which paragraph two of your Answer refers.

Dated: New York, New York             Securities and Exchange Commission
       February 2, 2018

By: _____

        Howard Fischer

        Howard Fischer
        Securities and Exchange Commission
        New York Regional Office
        200 Vesey Street, Suite 400
        New York, NY 10281
        (212) 336-0589 (Fischer)
        Email: fischerh@sec.gov

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :        14 Civ. 9126 (KBF)
                              Plaintiff,      :
                                             :
     -against-                               :
                                             :
ANTHONY J. THOMPSON, Jr.,                     :
JAY FUNG, and ERIC VAN NGUYEN,               :
                                             :
                              Defendants,     :
                                             :
     -and-                                   :
                                             :
JOHN BABIKIAN and KENDALL THOMPSON           :
                                             :
                              Relief Defendants.   :
                                             :
-------------------------------------------------------------------- x

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018, I served Plaintiff Securities and Exchange
Commission's First Requests for Production of Documents and First Interrogatories to Defendant
Anthony J. Thompson, Jr. to the following parties, through their counsel listed below, by causing
same to be placed in sealed envelopes and delivered to the mailroom of the Securities and Exchange
Commission's New York Regional Office for pick-up and delivery by UPS overnight delivery service
and by transmitting copies by email.

Defendant Anthony J. Thompson, Jr.
Maranda E. Fritz
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017
Maranda.Fritz@thompsonhine.com

Defendant Jay Fung
James D. Sallah
Sallah, Astarita & Cox LLC
2255 Glades Road, Suite 300E
Boca Raton, FL 33431
jds@sallahlaw.com

Relief Defendant Kendall Thompson
Roland Riopelle
Sercarz & Riopelle, LLP
810 Seventh Avenue, Suite 620
New York, New York 10019
rriopelle@sercarzandriopelle.com

Dated:  New York, New York
       February 2, 2018

 

Howard Fischer
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-0116
FischerH@sec.gov

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | 14 Civ. 9126 (KBF) |
| ANTHONY J. THOMPSON Jr., JAY FUNG, and ERIC VAN NGUYEN, | |
| Defendants, | |
| JOHN BABIKIAN and KENDALL THOMPSON, | |
| Relief Defendants. | |

## DEFENDANT ANTHONY J. THOMPSON Jr. RESPONSES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Defendant Anthony Thompson, Jr. ("Thompson") answers Plaintiff Securities and Exchange Commission First Set of Requests for Production ("Requests") and Interrogatories ("Interrogatories") as follows (collectively Mr. Thompson's answers and objections are referred to as, "Responses"):

### GENERAL OBJECTIONS

1.      Thompson objects to each Interrogatory and Request to the extent they seek information protected by the attorney-client privilege or the work product doctrine.

2.      Thompson objects to each Interrogatory and Request insofar as they seek information equally available to Plaintiff, already in the Plaintiff's possession, custody and control, or within the possession, custody or control of persons whom Plaintiff has access to, and which therefore are available to the Plaintiff.

3.      Thompson objects to each Interrogatory and Request to the extent it is not tailored to secure the just, speedy and inexpensive determination of this action, given the documents already provided to Plaintiff in other proceedings regarding the subject-matter alleged in this action.

4.      Thompson objects to each Interrogatory and Request insofar as the information sought can be obtained from another source that is more convenient, less burdensome, or less expensive.

5.      Thompson objects to Plaintiff's Requests to the extent they call for the creation of new documents.

6.      Thompson submits these Responses without conceding the relevance or materiality of the subject matter of any document produced or responses made in response to the Plaintiff's Requests and Interrogatories.   Thompson's Responses are not intended to be an admission by Thompson that any fact or circumstance allege in the Complaint occurred or existed, and these Responses are not intended to be, and shall not be construed as, an agreement with Plaintiff's characterization of any factor circumstance.

7.      Any statement by Thompson that he will produce documents responsive to a particular Request is not a representation that such documents exists or that he acknowledges the propriety of the Request.

8.      Thompson's Responses to Plaintiff's Requests and Interrogatories are based on Thompson's present knowledge, information and belief, and he reserves the right to alter, modify or supplement the information provided in his Responses.

9.      These objections above apply to each of the Responses below, and the Responses set forth are not to be deemed a waiver, either in whole or in part, of any of these objections.

2

Notwithstanding the above objections, and without in any way waiving or limiting those objections, Thompson will attempt in good faith to provide Responses to the Requests and Interrogatories based on information known and reasonably available to Thompson.

The foregoing objections are incorporated by this reference into each separate response below as though fully set forth in each responses.

**OBJECTIONS TO INSTRUCTIONS**

Thompson objects to Plaintiff's Definitions to the extent that they seek to impose a greater or different obligation on Thompson in responding to this discovery than imposed or authorized by the Federal Rules of Civil Procedure. Thompson will respond to the requests in accordance with said rules, notwithstanding any Instruction that purports to expand, or is contrary to, those rules.

**OBJECTIONS TO DEFINITIONS**

1.     To the extent Thompson adopts any term or definition presented by Plaintiff, they are adopted solely for convenience in responding to these demands, and Thompson does not accept any terms or definitions or concede that any of them are appropriate, descriptive, or accurate.

2.     Thompson objects to Plaintiff's Definitions to the extent that they seek to impose a greater or different obligation on Thompson in responding to this discovery than imposed or authorized by the Federal Rules of Civil Procedure. Thompson will respond to the requests in accordance with said rules, notwithstanding any Instruction that purports to expand, or is contrary to, those rules.

3.     Thompson objects to Plaintiff's Definitions to the extent that they purport to require Thompson to produce information and documents in responding to Plaintiff's

3

requests other than the information and documents that are within Thompson's possession, custody or control.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS

1.      All documents concerning any of the Stocks during the Relevant Period, including without limitation:

a.      All documents concerning your purchases, sales, or other receipt or disposition of the Stocks (or purchases, sales, or other receipt or disposition of the Stocks for your beneficial interest), including without limitation (i) all documents concerning the source of your holdings of the Stocks and (ii) all account statements for any and all securities accounts maintained in your name, for your benefit, or under your control or maintained in the name of any of the Thompson Companies, for the benefits of any of them, or under their control and reflect transactions in any of the Stocks;

b.      All communications concerning the Stocks, including without limitation all emails, texts, instant messages, voicemails, letters and app communications;

c.      All documents concerning the Newsletters or any drafts thereof, including without limitation all Newsletters and all drafts thereof, all communications concerning the Newsletters and any drafts thereof, all documents reflecting the dates or times when Newsletters were disseminated, all documents reflecting any one or more recipients of any of the Newsletters, and all documents reflecting any information contained in the Newsletters;

d.      All documents concerning any research, inquiry, or investigation that you, the Thompson Companies, the Newsletters, or any person or entity acting on behalf of any of the foregoing conducted concerning the Stocks;

e.      All documents concerning Anything of Value that you received, directly or indirectly, in connections with the Newsletters or any work or service you performed in connection with the Newsletters; and

f.      All documents concerning Anything of Value that you received, directly or indirectly, for otherwise promoting or disseminating any information (regardless of its truth or falsity) to anyone about the Stocks.

**RESPONSE:**          Documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.  Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

2.      All bank account statements and supporting transaction documents during the Relevant Period – including without limitation checks, deposit slips, and wire records – for all bank accounts maintained in your name, for your benefit, or under your control.

**RESPONSE:**  This Request is overly broad and not proportional to the needs of the case considering that the burden and expense of the requested discovery of "[a]ll bank account statements and supporting transaction documents" outweighs its likely benefit. Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.  Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

3.      All bank account statements and supporting transaction documents during the Relevant Period – including without limitation checks, deposit slips, and wire records – for all bank accounts maintained in the name of any of the Thompson Companies, for the benefit of any of them, or under the control of any of them.

**RESPONSE:**  This Request is overly broad and not proportional to the needs of the case considering that the burden and expense of the requested discovery of "[a]ll bank account statements and supporting transaction documents."  Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of

5

Plaintiff. Subject to and without waiver of his objections, Thompson will produce all

relevant non-privileged documents to the extent they exist, are in his possession and have

not heretofore been provided to Plaintiff.

       4.     All documents concerning a wire transfer of $200,000 on December 23, 2009 from Microcapster Corp.'s bank account to, directly or indirectly, Relief Defendant Kendall Thompson.

       **RESPONSE:** Documents responsive to this Request have previously been

provided to Plaintiff pursuant to administrative subpoenas in this and other matters and

therefore is in the possession of Plaintiff. Subject to and without waiver of his objections,

Thompson will produce all relevant non-privileged documents to the extent they exist, are

in his possession and have not heretofore been provided to Plaintiff.

       5.     Without any date restriction, all documents concerning (including without limitation documents tending to support or tending to refute) any denial or defense – including any affirmative defense – contained in your Answer in this Action, including without limitation:

           a.     All documents concerning your claim that the Newsletters contained sufficient disclaimers; and

           b.     All documents concerning the "various factors" that your Answer claims resulted in price movements in the Stocks.

       **RESPONSE:** Thompson objects to this Request insofar as it calls for production

of documents without a date restriction. Moreover, documents responsive to this Request

have previously been provided to Plaintiff pursuant to administrative subpoenas in this

and other matters and therefore is in the possession of Plaintiff. Subject to and without

waiver of his objections, Thompson will produce all relevant non-privileged documents to

the extent they exist, are not publicly available, are in his possession and have not

heretofore been provided to Plaintiff.

6.    Without any date restriction, all documents concerning any Advice, including without limitation:

     a.    All documents concerning the advice to which paragraph two of your Answer refers;

     b.    All communications with any lawyer or law firm concerning any Advice;

     c.    All documents concerning any communication with any lawyer or law firm concerning any Advice by such lawyer or other lawyers;

     d.    Any and all written memoranda, opinion, or work product incorporating any Advice;

     e.    All documents reflecting bills or payments or challenges thereto – including without limitation invoices, descriptions of services provided, time sheets, checks, and wires – to or from any attorney or law firm that provided Advice; and

     f.    All documents concerning any steps you, the Newsletters, or the Thompson Entities took or did not take in connection with any Advice.

**RESPONSE:**    Thompson objects to this Request insofar as it calls for production of documents without a date restriction.   Thompson further objects to this Request on the grounds that it is overly broad and unduly burdensome insofar as it calls for "[a]ll documents concerning any steps [Mr. Thompson] . . . did not take."   Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.   Subject to and without waiver of his objections, Thompson will produce all relevant non-privileged documents to the extent they exist, are in his possession and have not heretofore been provided to Plaintiff.

7

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.        Name each person with knowledge relevant to any of the Complaint's allegations.

**RESPONSE:**         Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this Interrogatory is vague and ambiguous due to the use of the term "any of the Complaint's allegations."

Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to the Complaint's allegations:

a.      Anthony J. Thompson, Jr.

b.      Jay Fung

c.      Eric van Nguyen

d.      Kevin Sepe

e.      Luz Rodriguez

f.      Daniel Grodnick

g.      Hannah Shmieder

h.      Lance Seacrest

i.      Pat Boyd

j.      Leslie Marlow

k.      Hank Gracin

l.      Brent Baker.

2.        Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any of the Complaint's allegations.

8

**RESPONSE:**        Subject to, and without waiving any of his General Objections, Thompson states that he believes any documents relevant to any of the Complaint's allegations are in files within the possession and control of each of the individuals listed in Interrogatory #1.

Moreover, all such relevant documents have been produced in the parallel action adjudicated in the New York State Supreme Court, styled, *People v. Thompson, et al.*, Ind. No. 3853/2014, and are within the possession, custody and control of the District Attorneys' Office of New York and Mr. Thompson's defense counsel.

3.        Name each person with knowledge relevant to any of your Answer's denials or Affirmative Defenses.

**RESPONSE:** Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.    Moreover, this Interrogatory is vague and ambiguous due to the use of the term "any of the Complaint's allegations."

Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to the Answer's denials and/or Affirmative Defenses:

a.    Anthony J. Thompson, Jr.

b.    Jay Fung

c.    Eric van Nguyen

d.    Kevin Sepe

e.    Luz Rodriguez

f.    Daniel Grodnick

g.    Hannah Shmieder

h.    Lance Seacrest

9

    i.      Pat Boyd

    j.      Leslie Marlow

    k.     Hank Gracin

    l.      Brent Baker.

4.     Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any of your Answer's denials or Affirmative Defenses.

**RESPONSE:**  Subject to, and without waiving any of his General Objections, Thompson states that he believes any documents relevant to any of the Answer's denials and/or Affirmative Defenses are in files within the possession and control of each of the individuals listed in Interrogatory #3.

Moreover, all such relevant documents have been produced in the parallel action adjudicated in the New York State Supreme Court, styled, *People v. Thompson, et al.*, Ind. No. 3853/2014, and are within the possession, custody and control of the District Attorneys' Office of New York  and Mr. Thompson's defense counsel.

5.     Name each person with knowledge of your role during the Relevant Period – including without limitation your control, management, compensation, and responsibilities – with respect to the Newsletters.

**RESPONSE:**     Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Thompson objects to the terms "control" and "responsibilities" insofar as they are vague, ambiguous and subject to multiple interpretations.

Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to Mr. Thompson's role with respect to the Newsletters:

a.     Anthony J. Thompson, Jr.

b.     Jay Fung

c.     Eric van Nguyen

d.     Kevin Sepe

e.     Luz Rodriguez

f.     Daniel Grodnick

g.     Hannah Shmieder

h.     Lance Seacrest

i.     Pat Boyd

j.     Leslie Marlow

k.     Hank Gracin

l.     Brent Baker.


6.     Provide (i) a general description, (ii) the custodian, and (iii) the location of all documents relevant to any defense based upon advice of counsel.

**RESPONSE:**  Subject to, and without waiving any of his General Objections, Thompson states that he believes any documents relevant to Mr. Thompson's role with respect to the Newsletters are in files within the possession and control of each of the individuals listed in Interrogatory #5.

Moreover, all such relevant documents have been produced in the parallel action adjudicated in the New York State Supreme Court, styled, *People v. Thompson, et al.*, Ind. No. 3853/2014, and are within the possession, custody and control of the District Attorneys' Office of New York and Mr. Thompson's defense counsel.

11

7.      Name each person with knowledge of any of your trades (or trades on your behalf or for your beneficial interest or at your direction) in the Stocks during the Relevant Period.

**RESPONSE:**      Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Thompson objects to the terms "trades," "trades on your behalf" and "[trades] for your beneficial interest," and "[trades] at your direction" insofar as they are vague, ambiguous and subject to multiple interpretations.   Thompson further objects to the term "knowledge" in this Interrogatory insofar as it is vague, ambiguous and subject to multiple interpretations.

Notwithstanding the foregoing, Thompson asserts the following persons have knowledge relevant to Mr. Thompson's trades:

a.      Anthony J. Thompson, Jr.

8.      Name each attorney and law firm who provided you with any Advice, including without limitation the advice to which paragraph two your Answer refers.

**RESPONSE:**      Thompson objects to this Interrogatory in that it is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, Thompson asserts the following attorneys and law firms provided him with Advice, as defined in the Interrogatory Definitions:

a.      Leslie Marlow

b.      Hank Gracin

c.      Brent Baker.

Dated:  New York, New York
        March 5, 2018

                             THOMPSON HINE LLP

12

By:_____ /s/ Maranda Fritz

335 Madison Avenue
New York, New York 10017
(212) 344-5680
Email:

4823-2325-6414.1

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ANTHONY J. THOMPSON Jr.,
JAY FUNG, and ERIC VAN NGUYEN,

Defendants,

JOHN BABIKIAN and KENDALL THOMPSON,

Relief Defendants.

14 Civ. 9126 (KBF)

## DEFENDANT ANTHONY J. THOMPSON JR.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Defendant Anthony Thompson, Jr. ("Thompson") provides these supplemental responses to Plaintiff Securities and Exchange Commission First Set of Requests for Production ("Requests") and Interrogatories ("Interrogatories") as follows:

### GENERAL OBJECTIONS

1.      Thompson reiterates the objections contained in his initial response.

2.      Thompson objects to each Interrogatory and Request insofar as they seek information that was previously demanded by and produced to Plaintiff.  Specifically, the New York office of the SEC demanded documents pertaining to the business operated by Mr. Thompson, OTC Solutions, including all of the promotional campaigns that involved Kevin Sepe (the "Sepe Campaigns").  Further, the Miami office of the SEC conducted an investigation concerning the Sepe Campaigns and filed an action in Florida relating to those same campaigns. While the filed complaint focused on a particular company, Recycle Tech, the SEC insisted that the scope of its action was much broader: it included the time period from January 2009 through

December 2010 and it extended to all of the other companies that involved Sepe including Blue

Gem Enterprise, Inc. ("Blue Gem"), Lyric Jeans, Inc. ("Lyric Jeans"), and Mass Hysteria

Entertainment Company, Inc. ("Mass Hysteria").[1]  During discovery in the Florida action, the

SEC propounded Interrogatories to Thompson and OTC in which three out of four interrogatories

sought information about companies and newsletters other than Recycle Tech:

> Interrogatory No. 2: "For the period of January 1, 2009 — December 31, 2010 identify
> the issuers you and/or OTC Solutions, LLC promoted through e-mail newsletters and the
> time period for each marketing campaign."

> Interrogatory No. 3: "For the issuers identified in your answer to number 2 above,
> identify the marketing campaigns that you and/or OTC Solutions LLC completed in
> conjunction with Pudong, LLC and/or Jay Fung."

> Interrogatory No. 4: "For each of the issuers identified in your answer to number 2 above,
> identify the marketing campaigns that you and/or OTC Solutions completed in which
> Kevin Sepe was involved in any manner and identify how he was involved."[2]

The SEC also served a Request for Production of Documents to Thompson and OTC that

primarily sought documents regarding *all* newsletters that were issued by OTC Solutions and

specifically focused on companies other than Recycle Tech.

> RFP 4: "Produce e-mail newsletters you issued for the period of January 1, 2009 —
> December 31, 2010."
> RFP 5: "Produce e-mail newsletters you issued regarding Mass Hysteria."
> RFP 6: "Produce e-mail newsletters you issued regarding Blue Gem."
> RFP 7: "Produce e-mail newsletters you issued regarding Lyric Jeans."
> RFP 8: "Produce documents between you and Pudong LLC and/or Jay Fung regarding
> Mass Hysteria."
> RFP 9: "Produce documents between you and Pudong LLC and/or Jay Fung regarding
> Blue Gem."

---

[1]  That the action involved those other companies had been evident even prior to the filing of the Florida Action.  Mr. Thompson
provided investigative testimony during the pre-suit investigation phase of the Recycle Tech Action on February 10, 2011.
During the testimony, counsel for the Commission questioned Thompson at length about other campaigns (in addition to Recycle
Tech) for which Sepe retained OTC, including Blue Gem, Mass Hysteria, Lyric Jeans, and Dynamic Response. *See* Baker Exhibit
6: Thompson Investigative Testimony Transcript, FL-03559-A, February 10, 2011, pp: 63-74, 77, 111-120.

[2]  *See* Declaration of Brent Baker Exhibit 7: Second Set of Interrogatories to Thompson; Baker Exhibit 8: Second Set of
Interrogatories to OTC.

2

RFP 10: "Produce documents between you and Pudong LLC and/or Jay Fung regarding Lyric Jeans."
RFP 11: "Produce documents between you and Kevin Sepe regarding Mass Hysteria, Blue Gem and/or Lyric Jeans."[3]

The same time period and set of transactions were encompassed in the SEC's deposition of Anthony Thompson in the Florida Action. During that deposition, the SEC inquired about Blast Applications, Smart Holdings, Blue Gem, Lyric Jeans, and other deals with Kevin Sepe.[4]

Given the fact that the New York office had also begun investigating Mr. Thompson's conduct, and particularly the Sepe transactions, Mr. Thompson objected to the pursuit of that information in two simultaneous matters by the same agency. Baker Exhibit 12: Sallah Letter to Pizzani dated September 24, 2013; Baker Exhibit 13: Clyde Snow Letter to Pizzani dated November 5, 2013.

In response to Mr. Thompson's objections to those duplicative discovery demands, the SEC in Florida requested a discovery hearing with the Court. At that discovery hearing, counsel for Thompson explained his objections to providing information regarding the profiles and newsletters of the other, non-Recycle Tech, companies, stating that Mr. Thompson should not be required to litigate the same set of transactions in two jurisdictions. The court then asked the SEC to explain the scope of its requests and their relevance to the Florida Action. The SEC responded that its case encompassed the "numerous promotional campaigns," particularly those involving "the main architect of this whole fraud," Kevin Sepe.

> THE COURT: I don't care what they are doing in New York . . . So what you need to tell me is why you should be able to not *[sic]* obtain documents that they believe you should not be able to obtain.

---

[3]   Baker Exhibit 10: Second Request For Production of Documents to OTC; *see also* Baker Exhibit 9: Second Request For Production of Documents to Thompson at RFPs 6-13.

[4]   Baker Exhibit 11: Deposition of Anthony Thompson, October 15, 2013, pp. 71-74, 91-93, 198-200, 205-06, 223-26, 238-39.

MS. NESTOR: . . . I have asked for documents related to **other promotional schemes related to the same parties. In other words, one of the main architects of this whole fraud is a person by the name of Kevin Sepe and his attorney Ronnie Halperin. They were both sued. They both settled, but they were involved in numerous promotional campaigns, and the same two promoters in this case [OTC/Thompson and Pudong/Fung] were involved with them in those promotional campaigns.** ...

So I have asked for and I could I guess ask for every promotional campaign that they did, but I have limited it to the ones that I know these other two defendants were also involved with to show that **they had an ongoing business relationship** or this is what they did all of the time.

Based on the SEC's argument, the court ordered that "the documents are to be produced," and they were.[5]

## OBJECTIONS TO INSTRUCTIONS

Thompson objects to Plaintiff's Definitions to the extent that they seek to impose a greater or different obligation on Thompson in responding to this discovery than imposed or authorized by the Federal Rules of Civil Procedure. Thompson will respond to the requests in accordance with said rules, notwithstanding any Instruction that purports to expand, or is contrary to, those rules.

## OBJECTIONS TO DEFINITIONS

1.      Thompson reiterates the objections to definitions contained in the initial Response.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS

1.      All documents concerning any of the Stocks during the Relevant Period, including without limitation:

   a.      All documents concerning your purchases, sales, or other receipt or disposition of the Stocks (or purchases, sales, or other receipt or disposition of the Stocks for your beneficial interest), including without limitation (i) all documents concerning the source of your holdings of the Stocks and (ii) all account statements for any and all securities accounts maintained in your name, for your benefit, or under your control or

---

[5]   *Id.* 53:23-57:18.

maintained in the name of any of the Thompson Companies, for the benefits of any of them, or under their control and reflect transactions in any of the Stocks;

b.      All communications concerning the Stocks, including without limitation all emails, texts, instant messages, voicemails, letters and app communications;

c.      All documents concerning the Newsletters or any drafts thereof, including without limitation all Newsletters and all drafts thereof, all communications concerning the Newsletters and any drafts thereof, all documents reflecting the dates or times when Newsletters were disseminated, all documents reflecting any one or more recipients of any of the Newsletters, and all documents reflecting any information contained in the Newsletters;

d.      All documents concerning any research, inquiry, or investigation that you, the Thompson Companies, the Newsletters, or any person or entity acting on behalf of any of the foregoing conducted concerning the Stocks;

e.      All documents concerning Anything of Value that you received, directly or indirectly, in connections with the Newsletters or any work or service you performed in connection with the Newsletters; and

f.      All documents concerning Anything of Value that you received, directly or indirectly, for otherwise promoting or disseminating any information (regardless of its truth or falsity) to anyone about the Stocks.

**RESPONSE:** As reflected above, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff. In an effort to avoid further litigation regarding this same discovery, Thompson is herewith again producing non-privileged documents relating to the Newsletters.

2.      All bank account statements and supporting transaction documents during the Relevant Period – including without limitation checks, deposit slips, and wire records – for all bank accounts maintained in your name, for your benefit, or under your control.

**RESPONSE:** This Request is overly broad and not proportional to the needs of the case considering that the burden and expense of the requested discovery of "[a]ll bank account statements and supporting transaction documents" outweighs its likely benefit. Moreover,

documents responsive to this Request have previously been provided to Plaintiff pursuant to

administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff.

In an effort to avoid further litigation regarding this same discovery, Thompson is herewith again

producing bank records.

3.       All bank account statements and supporting transaction documents during the
Relevant Period – including without limitation checks, deposit slips, and wire records – for all
bank accounts maintained in the name of any of the Thompson Companies, for the benefit of any
of them, or under the control of any of them.

**RESPONSE:**  This Request is overly broad and not proportional to the needs of the case

considering that the burden and expense of the requested discovery of "[a]ll bank account

statements and supporting transaction documents." Moreover, documents responsive to this

Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this

and other matters and therefore is in the possession of Plaintiff.  In an effort to avoid further

litigation regarding this same discovery, Thompson is herewith again producing bank records.

4.       All documents concerning a wire transfer of $200,000 on December 23, 2009
from Microcapster Corp.'s bank account to, directly or indirectly, Relief Defendant Kendall
Thompson.

**RESPONSE:**  Documents responsive to this Request have previously been provided to

Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the

possession of Plaintiff.  In an effort to avoid further litigation regarding this same discovery,

Thompson is herewith again producing bank records.

5.       Without any date restriction, all documents concerning (including without
limitation documents tending to support or tending to refute) any denial or defense – including
any affirmative defense – contained in your Answer in this Action, including without limitation:

      a.       All documents concerning your claim that the Newsletters contained
            sufficient disclaimers; and

      b.       All documents concerning the "various factors" that your Answer claims
            resulted in price movements in the Stocks.

**RESPONSE:** Thompson objects to this Request insofar as it calls for production of documents without a date restriction. Moreover, documents responsive to this Request have previously been provided to Plaintiff pursuant to administrative subpoenas in this and other matters and therefore is in the possession of Plaintiff. Subject to and without waiver of his objections, Thompson is herewith producing materials relating to his communications with counsel on the specific issue of the content of disclaimers.

6.     Without any date restriction, all documents concerning any Advice, including without limitation:

  a. All documents concerning the advice to which paragraph two of your Answer refers;

  b. All communications with any lawyer or law firm concerning any Advice;

  c. All documents concerning any communication with any lawyer or law firm concerning any Advice by such lawyer or other lawyers;

  d. Any and all written memoranda, opinion, or work product incorporating any Advice;

  e. All documents reflecting bills or payments or challenges thereto – including without limitation invoices, descriptions of services provided, time sheets, checks, and wires – to or from any attorney or law firm that provided Advice; and

  f. All documents concerning any steps you, the Newsletters, or the Thompson Entities took or did not take in connection with any Advice.

**RESPONSE:** Thompson objects to this Request insofar as it calls for production of documents without a date restriction. Thompson further objects to this Request on the grounds that it is overly broad and unduly burdensome insofar as it calls for "[a]ll documents concerning any steps [Mr. Thompson] . . . did not take." Subject to and without waiver of his objections, Thompson is again producing materials relating to his communications with counsel on the specific issue of the content of disclaimers.

7

Dated: New York, New York
     April 9, 2018

                     THOMPSON HINE LLP

                     By:        /s/ Maranda Fritz

                     335 Madison Avenue
                     New York, New York 10017
                     (212) 344-5680
                     Email:

4816-8228-1057

8