# Fischer, Howard

| | |
|---|---|
| **From:** | Fischer, Howard |
| **Sent:** | Thursday, July 12, 2018 1:03 PM |
| **To:** | maranda.fritz@thompsonhine.com; DeBari, Riccardo <Riccardo.DeBari@thompsonhine.com> (Riccardo.DeBari@thompsonhine.com) |
| **Cc:** | Pizzani, Peter A. |
| **Subject:** | Discovery issues |

We will call you tomorrow at 2 pm, pursuant to the Court's Order.

In order to make tomorrow's discussion more productive, we thought it would be helpful to provide you in advance with the list of issues we would like addressed:

## DOCUMENT REQUESTS

- **Failure to provide a privilege log.** Pursuant to, *inter alia*, Fed. R. Civ. Proc 26 and Local Civil Rule 26.2, any objection to production on the basis of privilege must be accompanied by a privilege log. None has been provided. We would like a date certain by which we could expect one.

- **Failure to properly identify lost or destroyed materials.** You have stated that you would produce responsive documents "to the extent they exist" which implies that otherwise responsive documents no longer exist, were lost, or destroyed. Either state that this is not the case or, if in fact responsive documents have been destroyed, please state with specificity the circumstances of their loss or destruction.

- **Failure to identify responsive, publicly available documents.** Where you have stated that you will produce documents to the extent they "are not publicly available" (see, e.g., Response to Request No. 5 of the SEC's First Request for Production), you must identify all publicly available documents that are responsive to our requests and tell us where they can be found.

- **Failure to respond with clarity to Requests.** You stated in response to Request No. of the SEC's First Request for Production that you were producing materials "on the specific issue of the contents of the disclaimers." This somewhat non-responsive response does not provide much guidance on what, if anything, was not produced. Is this response limited to mark-ups of the draft disclaimers, but exclusive of broad advice not specific to a particular disclaimer? We need assurance we have everything concerning legal advice Thompson received regarding the disclaimers and other disclosures both in the newsletters and the web sites to which some of the newsletters sent subscribers.

- **Failure to provide documents with bates stamps, or to identify which documents are responsive to which particular Request.** Pursuant to Fed.R.Civ.Proc. 34(b)(2)(E)(i), you were required to identify which documents responded to which Request.

- **Failure to state whether any documents were withheld due to objections.** Fed.R.Civ. Proc 34(b)(2)(C) requires that an objecting party state whether any responsive materials are being withheld on the basis of that objection. Please do so.

- **Failure to identify whether any documents are being withheld on grounds they were produced before, and identifying those documents by bates stamp identifiers.** In response to the SEC's Second Request for Documents, you stated that responsive materials have previously been provided. If that is the case, identify which previously produced materials were produced, and the Requests to which they are responsive.

1

## INTERROGATORIES

- **Failure to identify the "others" referred to in your responses to the Interrogatories in response to the SEC's Second Request for Production.** Each of your responses to the interrogatories refers to unnamed "others" without providing any additional identifying information.

## OTHER ISSUES

- **Failure to respond to subpoenas to Pat Boyd and Lance Seacrest.** In your initial disclosures, you identified Boyd and Seacrest and provided your firm as their contact address. However, you have (1) failed to respond to subpoenas sent to them, and (2) failed to provide confirmed dates for their deposition. Please provide dates for both.

- **Failure to provide information about Andrew Vines.**

- **Subpoena to JF Kearney.** We are confused by your role in connection with the response to this subpoena. Please confirm whether or not you are directing the response thereto.

- **Subpoena to Lehman and Eilen.** We need to know whether or not Thompson will waive the attorney-client privilege with respect to documents and testimony concerning legal advice regarding the disclaimers and disclosures he put in newsletters and web sites.

- **Subpoena to Brent Baker.** We need to know whether or not Thompson will waive the attorney-client privilege with respect to documents and testimony concerning legal advice regarding the disclaimers and disclosures he put in newsletters and web sites.

- **Deposition schedule.** We need to confirm a deposition schedule to the depositions of JF Kearney, Cynthia Seaton (S & S Business Services), Jay Fung, Halperin, Sepe, Hank Gracin, Leslie Marlow, and Kendall Thompson.

We look forward to our discussion tomorrow.

Regards,

Howard

Howard Fischer
Senior Trial Counsel
Securities & Exchange Commission
Brookfield Place, 200 Vesey Street
Room 17-216
New York, NY 10281.
Tel: (212) 336-0589
Cell: (917) 226-1943
Fax: (703) 813-9490
FischerH@SEC.gov