## Fischer, Howard

| | |
|---|---|
| **From:** | Fischer, Howard |
| **Sent:** | Friday, July 13, 2018 5:30 PM |
| **To:** | maranda.fritz@thompsonhine.com; DeBari, Riccardo <Riccardo.DeBari@thompsonhine.com> (Riccardo.DeBari@thompsonhine.com) |
| **Cc:** | Pizzani, Peter A. |
| **Subject:** | Follow up to our call today |

Maranda:

In order to ensure that there are no misunderstandings or miscommunications, we have summarized the results of our discussion earlier today, July 13, 2018. For ease of reference, I have repeated the issues identified in our email to you of yesterday, followed by our understanding of how this issue is being addressed.

## DOCUMENT REQUESTS

- **Failure to provide a privilege log**. Pursuant to, *inter alia*, Fed. R. Civ. Proc 26 and Local Civil Rule 26.2, any objection to production on the basis of privilege must be accompanied by a privilege log. None has been provided. We would like a date certain by which we could expect one.
    - **Resolution**: You have advised us that you will confirm by Wednesday, July 18, 2018 whether or not any otherwise responsive materials have been withheld on the basis of any privilege.

- **Failure to properly identify lost or destroyed materials**. You have stated that you would produce responsive documents "to the extent they exist" which implies that otherwise responsive documents no longer exist, were lost, or destroyed. Either state that this is not the case or, if in fact responsive documents have been destroyed, please state with specificity the circumstances of their loss or destruction.
    - **Resolution**: You have advised us that, to the best of your knowledge, no responsive documents have been lost or destroyed, and that you would confirm this is the case by Wednesday, July 18, 2018.

- **Failure to identify responsive, publicly available documents.** Where you have stated that you will produce documents to the extent they "are not publicly available" (see, e.g., Response to Request No. 5 of the SEC's First Request for Production), you must identify all publicly available documents that are responsive to our requests and tell us where they can be found.

- o **Resolution:** You have advised us that any reference to "publicly available documents" refers only to materials filed with the Securities & Exchange Commission.

- **Failure to respond with clarity to Requests**. You stated that you were producing materials "on the specific issue of the contents of the disclaimers." This somewhat non-responsive response does not provide much guidance on what, if anything, was not produced. Is this response limited to mark-ups of the draft disclaimers, but exclusive of broad advice not specific to a particular disclaimer? We need assurance we have everything concerning legal advice Thompson received regarding the disclaimers and other disclosures both in the newsletters and the web sites to which some of the newsletters sent subscribers.
    - o **Resolution**: With respect to the provision of legal advice and any defense related thereto, you have agreed that you will provide us with the Gracin, Marlow materials in your possession, which we will consider at least to be a partial resolution of the issue we identified relating to the production of documents concerning the advice of counsel defense.

- **Failure to provide documents with bates stamps, or to identify which documents are responsive to which particular Request**. Pursuant to Fed.R.Civ.Proc. 34(b)(2)(E)(i), you were required to identify which documents responded to which Request.
    - o **Resolution**: You have advised that you will revert to us by Wednesday, July 18, 2018 as to whether you will identify which documents respond to which particular Request.

- **Failure to state whether any documents were withheld due to objections**. Fed.R.Civ. Proc 34(b)(2)(C) requires that an objecting party state whether any responsive materials are being withheld on the basis of that objection. Please do so.
    - o **Resolution**: You have advised that you will revert to us by Wednesday, July 18, 2018 as to whether any documents are being withheld on the basis of any stated objection.

- **Failure to identify whether any documents are being withheld on grounds they were produced before, and identifying those documents by bates stamp identifiers**. In response to the SEC's Second Request for Documents, you stated that responsive materials have previously been provided. If that is the case, identify which previously produced materials were produced, and the Requests to which they are responsive.

- o **Resolution**: You will advise us by Wednesday, July 18, 2018 whether documents responsive to the SEC's Second Request for Documents were previously produced, and identify which previously produced materials are responsive to each Request.

## INTERROGATORIES

- **Failure to identify the "others" referred to in your responses to the Interrogatories in response to the SEC's Second Request for Production**. Each of your responses to the interrogatories refers to unnamed "others" without providing any additional identifying information.
  - o **Resolution:** You have agreed that your colleague will advise us as by Wednesday, July 18, 2018, as to what he meant by this formulation, and we expect that, to the extent that there are other individuals who fall under the rubric of "others" as set forth in these Interrogatory responses, he will identify them and provide their contact information..

## OTHER ISSUES

- **Failure to respond to subpoenas to Pat Boyd and Lance Seacrest**. In your initial disclosures, you identified Boyd and Seacrest and provided your firm as their contact address. However, you have (1) failed to respond to subpoenas sent to them, and (2) failed to provide confirmed dates for their deposition. Please provide dates for both.
  - o **Resolution**: You stated that, notwithstanding implications to the contrary on Thompson's initial disclosures, your firm is not representing these persons, but that youwill contact them and seek their authorization to release their contact information to us.

- **Failure to provide information about Andrew Vines**.
  - o **Resolution**. You stated you would look for his contact information.

- **Subpoena to JF Kearney**. We are confused by your role in connection with the response to this subpoena. Please confirm whether or not you are directing the response thereto.
  - o **Resolution**: You have confirmed that no applicable privilege bars responding to the SEC's discovery requests. You confirmed that there is a production, to which no privilege applies, and that it will be provided to the SEC within 14 days.

- **Subpoena to Lehman and Eilen**. We need to know whether or not Thompson will waive the attorney-client privilege with respect to documents and testimony concerning legal advice regarding the disclaimers and disclosures he put in newsletters and web sites.

- o **Resolution**: You stated that you would advise them to produce anything responsive, that you will review the information and make a production to us within 30 days. Due to the currently existing discovery schedule, we responded that production should be made within 14 days. We will represent that we will accept a 30 day production schedule only if the Court extends the schedule.

- **Subpoena to Brent Baker**. We need to know whether or not Thompson will waive the attorney-client privilege with respect to documents and testimony concerning legal advice regarding the disclaimers and disclosures he put in newsletters and web sites.
  - o **Resolution**: You advised that Thompson was not going to assert any privilege with respect to contemporaneous advice given on the disclaimers. We will accept the Gracin and Marlow documents as an interim step in resolving this issue, but reserve our rights to pursue all available sources of documents pertaining to this issue.

- **Deposition schedule**. We need to confirm a deposition schedule to the depositions of JF Kearney, Cynthia Seaton (S & S Business Services), Jay Fung, Halperin, Sepe, Hank Gracin, Leslie Marlow, and Kendall Thompson.
  - o **Resolution**: The parties will endeavor to schedule these depositions as promptly as possible. For depositions outside of NYC, we will attempt to schedule multiple depositions on consecutive days to reduce travel. With respect to the deposition of Mr. Thompson, please take notice that we are planning for a two day deposition.

Regards,

Howard Fischer

Howard Fischer
Senior Trial Counsel
Securities & Exchange Commission
Brookfield Place, 200 Vesey Street
Room 17-216
New York, NY 10281.
Tel: (212) 336-0589
Cell: (917) 226-1943
Fax: (703) 813-9490
FischerH@SEC.gov