UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>ANTHONY J. THOMPSON, JR., JAY FUNG, and ERIC VAN NGUYEN,<br><br>  Defendants,<br><br>and<br><br>JOHN BABIKIAN and KENDALL THOMPSON,<br><br>  Relief Defendants,<br><br>NEW YORK COUNTY DISTRICT ATTORNEY,<br><br>  Intervenor. | Case No.: 14-cv-9126 (KBF) |

**ANTHONY J, THOMPSON, JR.'s Initial Disclosures under Fed. R. Civ. P. 26(a)(1)**

Defendant Anthony J. Thompson, Jr. ("Mr. Thompson"), by and through his attorneys at Thompson Hine LLP, makes the following initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure to plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC"). Mr. Thompson reserves the right to amend or supplement each of these disclosures as may become necessary or appropriate or for the purpose of authentication.

## GENERAL DISCLOSURE

These disclosures reflect the results of a search of documents and information within Mr. Thompson's current possession, custody or control in this matter.

## SPECIFIC DISCLOSURES

I.      **Initial Disclosures Regarding Individuals Under Fed R. Civ. P. 26(a)(21)(A)(i)**

Set forth below are the names and, if known, the addresses and telephone numbers of those individuals who we currently believe are likely to have discoverable information within the scope of Rule 26(a)(1)(A)(i).  Mr. Thompson reserves the right to supplement or amend these disclosures as discovery may warrant or that otherwise may be appropriate pursuant to Rule 26(e).

The following individuals are likely to have information concerning the allegations set forth in Plaintiff's complaint and Mr. Thompson's defenses and responses set forth in his Answer thereto.

|    | Individual | Subjects of Information |
|----|------------|-------------------------|
| 1. | Anthony J. Thompson<br>c/o Maranda Fritz, Esq.<br>Thompson Hine LLP<br>335 Madison Ave., 12th Fl.<br>New York, NY 10017<br>212-908-3966 | Knowledge of the facts underlying the promotion of the stock of Blast Applications, Inc. ("Blast"), Blue Gem Enterprises, Inc. ("Blue Gem"), Smart Holdings, Inc. ("Smart Holdings"), Lyric Jeans, Inc. ("Lyric"), and Mass Hysteria Entertainment Company ("Mass Hysteria"), and that he complied with all relevant laws when he disseminated promotional newsletters regarding "penny stock" companies to subscribers who had "double opted in" to his free penny stock newsletters. Those newsletters were not misleading, constitute the kind of "touting" activity that is contemplated and governed by a particular provision of the federal securities laws, section 17(b), and Mr. Thompson's website and his newsletters |

| | | |
|---|---|---|
| | | included lengthy disclosures that contained the information called for by section 17(b), i.e., the fact that it was a paid promotion, the fact that he had received stock as compensation for the promotion, and the fact that he was able to sell the stock during the promotion. Mr. Thompson has knowledge that, from the outset, he worked closely with experienced attorneys who advised him regarding the content of his disclosures and reviewed his newsletters. |
| 2. | Jay Fung<br>c/o James Sallah<br>Sallah, Astarita & Cox<br>One Boca Place<br>225 Glades Rd., Suite 300E<br>Boca Raton, FL 33431<br>561-989-9080 | Knowledge of the facts underlying the promotion of the stocks of Blast, Blue Gem, Smart Holdings, Lyric and Mass Hysteria, including his and Mr. Thompson's close work with experienced attorneys regarding the content of the disclosures and reviewed newsletters. |
| 3. | Kevin Sepe<br>7901 Hispanola Ave., Apt. 1705<br>North Bay Village, FL 33141 | The mastermind of the alleged pump-and-dump schemes referenced in the complaint. Knowledge of the facts underlying the distribution of stock shares to the alleged nominees, which was done without consultation with or direction from Mr. Thompson. Mr. Sepe was an officer of Blue Gem and he has knowledge of the personal time and money investments that he and Mr. Thompson made in Blue Gem. Mr. Sepe also has knowledge of his efforts to engage Mr. Thompson to promote the companies and the assurances he made regarding the underlying companies' businesses. |
| 4. | Luz Rodriguez<br>12952 32nd St.<br>Miramar, FL 33027 | An officer of Blue Gem who is knowledgeable about the company's underlying business and distribution of shares. |
| 5. | Daniel Grodnick<br>3364 Longridge Terrace<br>Sherman Oaks, CA 91423 | An officer of Mass Hysteria who is knowledgeable about the company's underlying business. |
| 6. | Hannah Shmieder<br>Lyric Jeans<br>1000 Cory Avenue<br>West Hollywood, California 90069<br>(310) 860-0952 | President of Lyric Jeans who is knowledgeable about the company's underlying business. |

| 7. | Lance Seacrest<br>c/o Maranda Fritz, Esq.<br>Thompson Hine LLP<br>335 Madison Ave., 12th Fl.<br>New York, NY 10017<br>(212) 908-3966 | An employee of Mr. Thompson's, knowledgeable about the business operations of Mr. Thompson's newsletter companies and the newsletters distributed, including the close work with experienced attorneys advising regarding the content of the disclosures contained in the newsletters, and the ongoing expenses and efforts to cultivate, maintain and serve the newsletter subscribers. |
|---|---|---|
| 8. | Pat Boyd<br>c/o Maranda Fritz, Esq.<br>Thompson Hine LLP<br>335 Madison Ave., 12th Fl.<br>New York, NY 10017<br>(212) 908-3966 | An employee of Mr. Thompson's, knowledgeable about the business operations of Mr. Thompson's newsletter companies and the newsletters distributed, including the close work with experienced attorneys advising regarding the content of the disclosures contained in the newsletters, and the ongoing expenses and efforts to cultivate, maintain and serve the newsletter subscribers. |
| 9. | Leslie Marlow<br>Gracin & Marlow LLP<br>405 Lexington Ave,<br>New York, NY 10174<br>(212) 907-6457 | Knowledgeable regarding the advice provided to Mr. Thompson concerning the legality of the content and the disclosures contained in the newsletters published to Mr. Thompson's customers and Mr. Thompson's efforts to comply with all then-applicable rules regarding permissible and legal "touting" activity that is contemplated and governed by a particular provision of the federal securities laws, section 17(b). |
| 10. | Hank Gracin<br>Gracin & Marlow LLP<br>405 Lexington Ave,<br>New York, NY 10174<br>(212) 907-6457 | Knowledgeable regarding the advice provided to Mr. Thompson concerning the legality of the content and the disclosures contained in the newsletters published to Mr. Thompson's customers and Mr. Thompson's efforts to comply with all then-applicable rules regarding permissible and legal "touting" activity that is contemplated and governed by a particular provision of the federal securities laws, section 17(b). |
| 11. | Brent Baker<br>Clyde Snow & Sessions<br>201 South Main Street, Suite 1300<br>Salt Lake City, Utah  84111<br>(801) 322-2516 | Knowledgeable regarding the advice provided to Mr. Thompson concerning the legality of the content and the disclosures contained in the newsletters published to Mr. Thompson's customers and Mr. Thompson's efforts to comply with all then- |

|  |  | applicable rules regarding permissible and legal "touting" activity that is contemplated and governed by a particular provision of the federal securities laws, section 17(b). |
|--|--|--|

## II.     Initial Disclosures Regarding Documents Under Fed. R. Civ. P. 26(a)(1)(A)(ii)

Based on information presently and reasonably available to him, Mr. Thompson identifies the following documents, electronically stored information, and tangible things that are in his possession, custody, or control and that he may use to support his defenses and to defend against the claims brought by Plaintiff:

1.      Bank account records.

2.      Brokerage account records.

3.      Documents and tangible items produced to Mr. Thompson by Plaintiff, other defendants to this action, other individuals and entities referred to in the Complaint and third parties.

4.      Correspondence with parties to this action and/or their counsel.

5.      Copies of subpoenas and/or requests for documents or information and responses thereto.

6.      Publicly available documents, including, but not limited to, public filings, news releases, registration records and other public disclosures.

7.      Newsletters published by Mr. Thompson and others.

These items are within the custody of Mr. Thompson's attorneys at Thompson Hine LLP, at 335 Madison Ave., 12th Floor, New York, NY 10017.

## III.    Initial Disclosures Regarding Damages under Fed. R. Civ. P. 26(a)(1)(A)(iii)

Mr. Thompson asserts that no damages were suffered due to any wrongdoing by him and

as such are not warranted in this action.   Not applicable.

## IV. Initial Disclosures Regarding Insurance Agreements Under Fed. R. Civ. P. 26(a)(1)(A)(iv)

Not applicable.

Dated:  March 1, 2018                                    Respectfully,

                                                         THOMPSON HINE LLP

                                                  By:   /s/ Maranda E. Fritz
                                                         Maranda E. Fritz
                                                         335 Madison Avenue, 12th Floor
                                                         New York, New York 10017
                                                         Telephone:  (212) 344-5680
                                                         Maranda.Fritz@Thompsonhine.com