UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :          14 Civ. 9126 (KBF)
                        Plaintiff,           :
                                             :
        -against-                            :
                                             :
ANTHONY J. THOMPSON, Jr.,                     :          NOTICE OF SUBPOENA
                                             :
JAY FUNG, and ERIC VAN NGUYEN,               :
                                             :
                        Defendants,          :
                                             :
        -and-                                :
                                             :
JOHN BABIKIAN and KENDALL THOMPSON           :
                                             :
                        Relief Defendants.   :
                                             :
------------------------------------------------------------x


TO:

Relief Defendant Kendall Thompson
Roland Riopelle
Sercarz & Riopelle, LLP
810 Seventh Avenue, Suite 620
New York, NY 10017
rriopelle@sercarzandriopelle.com

Defendant Jay Fung
James D. Sallah
Sallah, Astarita & Cox LLC
2255 Glades Road, Suite 300E
Boca Raton, FL 33431
jds@sallahlaw.com

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Securities and Exchange Commission intends to serve the attached subpoena on Lance Seacrest c/o Maranda E. Fritz, Esq. of Thompson Hine LLP, 335 Madison Avenue, 12th Floor, New York, New York 10019, Maranda.Fritz@thompsonhine, on March 9, 2018.

Dated:  New York, New York
        March 9, 2018

                                                    _____
                                                    Peter A. Pizzani, Jr.
                                                    (Admitted *Pro Hac Vice*)
                                                    Securities and Exchange Commission
                                                    New York Regional Office
                                                    200 Vesey Street, Suite 400
                                                    New York, NY 10281
                                                    (212) 336-0116
                                                    pizzanip@sec.gov

2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| ANTHONY J. THOMPSON, Jr. et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   14 Civ. 9126 (KBF)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Lance Seacrest c/o Maranda Fritz, Esq., Thompson Hine LLP,
335 Madison Ave., 12th Fl., New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| Place: Securities and Exchange Commission, New York Regional Office, Brookfield Place, 200 Vesey Street, New York, NY 10281 | Date and Time: 03/30/2018 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/09/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Peter A. Pizzani J.* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SECURITIES and EXCHANGE COMMISSION                                    , who issues or requests this subpoena, are:

Peter A. Pizzani, Jr., Securities and Exchnage Commission, Brookfield Place, 200 Vesey Street, New York, NY 10281, pizzanip@sec.gov, (212) 336-0147

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   14 Civ. 9126 (KBF)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                   *Server's signature*

                                        _____
                                                   *Printed name and title*

                                        _____
                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO LANCE SEACREST SUBPOENA

### INSTRUCTIONS

1.      Produce all documents described below in the Requests section, insofar as the documents are in your possession, custody, or control, under Rule 34(a), including without limitation documents in the custody or control of your attorneys or agents.

2.      Under Rule 34(b)(2)(B), with respect to each numbered category of the Requests below, respond by either stating that you will produce such documents (by producing copies or producing originals for inspection and copying) or stating with specificity the grounds for objecting to the request, including the reasons.

3.      Under Rule 34(b)(2)(C), any objection you make to producing documents responsive to a numbered category below must state whether any responsive documents are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of (or you must produce) the remaining documents.

4.      For each document, or portion thereof, that you seek to withhold on the basis of any privilege or protection, provide a written response containing the information required by Rule 26(b)(5)(A) and Rule 26.2 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.

5.      Under Rule 34(b)(2)(E)(i), the Securities and Exchange Commission ("Commission") requests that you organize and label documents produced in response to the Requests to correspond to the Requests' numbered categories.

6.      These Requests are continuing. To the extent that you obtain information or documents that change or require correction or supplementation of your responses to the Requests after you serve your responses on the Commission, you must promptly serve

.

supplemental responses reflecting the new information and produce any additional documents, pursuant to Rule 26(e)(1).

## DEFINITIONS

1.      The definitions and constructions set forth in Rules 26.3(c) and 26.3(d) of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York are fully incorporated here by reference.

2.      "You" and "your" refers to Lance Seacrest

3.      "Anything of Value" means anything with any value whatsoever to anyone—whether actual, nominal or notional value—including without limitation money, assets, securities, options contracts, futures contracts, real property, personal property, the use of real or personal property, credit extended, gambling credits, gambling chips, reimbursement of expenses, or the extinguishing of a debt or lien.

4.      "Blast" means Blast Applications, Inc. ("Blast") and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

5.      "Blue Gem" means Blue Gem Enterprise, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

6.      "Lyric" means Lyric Jeans, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

7.    "Mass Hysteria" means Mass Hysteria Entertainment Company and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

8.    "Thompson" refers to Anthony J. Thompson, Jr.

9.    "Newsletters" refers to any one or more newsletters controlled by Thompson, the Thompson Companies (defined below) or any entity under the control of Thompson or the Thompson Companies—including without limitation----ExplicitPicks.com, PremierPennyStocks.com, ExplicitPennyPicks.com, FreeInvestmentReport.com, FreePennyAlerts.com and/or OxofWallStreet.

10.    The "Thompson Companies" means every entity owned and/or controlled by Thompson, including, without limitation, OTC Solutions LLC, Microcapster Corp., and Gardner Creek Capital, their predecessors, successors, affiliates, and subsidiaries, as well as their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on their behalf.

11.    "Smart Holdings" means Smart Holdings, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

12.    The "Stocks" means one or more of Blast, Blue Gem, Lyric, Mass Hysteria, and Smart Holdings or the securities issued by any one or more of them.

## DOCUMENT REQUESTS

1.    Without any date restriction, all documents concerning legal advice that Thompson, the Thompson Companies and/or the Newsletters received concerning compliance

with applicable laws with respect to the Newsletters and/or web sites maintained by Thompson, the Thompson Companies (the "Web Sites"), and/or the Newsletters, including without limitation, the need for and/or content of disclosures contained in the Newsletters and/or the Web Sites.

2.      All documents, other than those produced as responsive to request 1(a), concerning the efforts of Thompson, the Thompson Companies, and/or the Newsletters to comply with the federal securities laws.

3.      All documents concerning the operations of the Thompson Companies and/or the Newsletters during the period from January 1, 2009 through December 31, 2010 (the "Relevant Period") including without limitation, documents concerning the promotion of the Stocks, including without limitation, the drafting and dissemination the newsletters, trading in the Stocks, and/or anything of value received for the promotion of the Stocks.

4.      All communications with Thompson during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

5.      All communications with Jay Fung and/or every entity owned and/or controlled by Jay Fung, including without limitation, Pudong LLC, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

6.      All communications with Eric Van Nguyen and/or every entity owned and/or controlled by Eric Van Nguyen, including without limitation, Golden Dragon Media, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

7.      All communications with Tuyen Tran and/or every entity owned and/or controlled by Tuyen Tran, including without limitation, Dual Star Media, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

8.      All communications with John Babikian and/or every entity owned and/or controlled by John Babikian, including without limitation, Awesome Penny Stocks, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

9.      All documents, including without limitation, all communications, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications, not produced as responsive to Request number 3, concerning the promotion of the Stocks during the Relevant Period.

10.      All documents concerning the terms of your employment by Thompson, the Thompson Companies, and/or the Newsletters during the Relevant Period, including without limitation, all communications, contracts, W2 forms, 1099 Forms, and/or other documents concerning anything of value you received for services performed for Thompson, the Thompson Companies and/or the Newsletters.

11.      Without any date restriction, all documents not produced as responsive to other Requests concerning all research and/or every investigation conducted by you, Thompson, the Thompson Companies, and/or the Newsletters concerning the Stocks.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                        :        14 Civ. 9126 (KBF)
                    Plaintiff,          :
                                        :
        -against-                       :
                                        :
ANTHONY J. THOMPSON, Jr.,               :        NOTICE OF SUBPOENA
                                        :
JAY FUNG, and ERIC VAN NGUYEN,          :
                                        :
                    Defendants,         :
                                        :
        -and-                           :
                                        :
JOHN BABIKIAN and KENDALL THOMPSON      :
                                        :
                    Relief Defendants.  :
                                        :
-------------------------------------------------------------------x

TO:

Relief Defendant Kendall Thompson
Roland Riopelle
Sercarz & Riopelle, LLP
810 Seventh Avenue, Suite 620
New York, NY 10017
rriopelle@sercarzandriopelle.com

Defendant Jay Fung
James D. Sallah
Sallah, Astarita & Cox LLC
2255 Glades Road, Suite 300E
Boca Raton, FL 33431
jds@sallahlaw.com

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Securities and Exchange Commission intends to serve the attached subpoena on Pat Boyd c/o Maranda E. Fritz, Esq. of Thompson Hine LLP, 335 Madison Avenue, 12th Floor, New York, New York 10019, Maranda.Fritz@thompsonhine, on March 9, 2018.

Dated: New York, New York
      March 9, 2018

                        Peter A. Pizzani, Jr.
                        (Admitted *Pro Hac Vice*)
                        Securities and Exchange Commission
                        New York Regional Office
                        200 Vesey Street, Suite 400
                        New York, NY 10281
                        (212) 336-0116
                        pizzanip@sec.gov

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   14 Civ. 9126 (KBF) |
| ANTHONY J. THOMPSON, Jr. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Pat Boyd c/o Maranda Fritz, Esq., Thompson Hine LLP,
              335 Madison Ave., 12th Fl., New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| Place: Securities and Exchange Commission, New York Regional Office, Brookfield Place, 200 Vesey Street, New York, NY 10281 | Date and Time:   03/30/2018 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/09/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Peter A. Pizzani Jr.* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SECURITIES and EXCHANGE COMMISSION                                      , who issues or requests this subpoena, are:

Peter A. Pizzani, Jr., Securities and Exchnage Commission, Brookfield Place, 200 Vesey Street, New York, NY 10281, pizzanip@sec.gov, (212) 336-0147

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   14 Civ. 9126 (KBF)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                           *Server's signature*

                                             _____
                                             *Printed name and title*

                                             _____
                                             *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT TO PAT BOYD SUBPOENA**

**INSTRUCTIONS**

1.      Produce all documents described below in the Requests section, insofar as the documents are in your possession, custody, or control, under Rule 34(a), including without limitation documents in the custody or control of your attorneys or agents.

2.      Under Rule 34(b)(2)(B), with respect to each numbered category of the Requests below, respond by either stating that you will produce such documents (by producing copies or producing originals for inspection and copying) or stating with specificity the grounds for objecting to the request, including the reasons.

3.      Under Rule 34(b)(2)(C), any objection you make to producing documents responsive to a numbered category below must state whether any responsive documents are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of (or you must produce) the remaining documents.

4.      For each document, or portion thereof, that you seek to withhold on the basis of any privilege or protection, provide a written response containing the information required by Rule 26(b)(5)(A) and Rule 26.2 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.

5.      Under Rule 34(b)(2)(E)(i), the Securities and Exchange ("Commission") requests that you organize and label documents produced in response to the Requests to correspond to the Requests' numbered categories.

6.      These Requests are continuing. To the extent that you obtain information or documents that change or require correction or supplementation of your responses to the Requests after you serve your responses on the Commission, you must promptly serve

supplemental responses reflecting the new information and produce any additional documents, pursuant to Rule 26(e)(1).

## DEFINITIONS

1.     The definitions and constructions set forth in Rules 26.3(c) and 26.3(d) of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York are fully incorporated here by reference.

2.     "You" and "your" refers to Pat Boyd.

3.     "Anything of Value" means anything with any value whatsoever to anyone—whether actual, nominal or notional value—including without limitation money, assets, securities, options contracts, futures contracts, real property, personal property, the use of real or personal property, credit extended, gambling credits, gambling chips, reimbursement of expenses, or the extinguishing of a debt or lien.

4.     "Blast" means Blast Applications, Inc. ("Blast") and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

5.     "Blue Gem" means Blue Gem Enterprise, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

6.     "Lyric" means Lyric Jeans, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

7.      "Mass Hysteria" means Mass Hysteria Entertainment Company and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

8.      "Thompson" refers to Anthony J. Thompson, Jr.

9.      "Newsletters" refers to any one or more newsletters controlled by Thompson, the Thompson Companies (defined below) or any entity under the control of Thompson or the Thompson Companies—including without limitation----ExplicitPicks.com, PremierPennyStocks.com, ExplicitPennyPicks.com, FreeInvestmentReport.com, FreePennyAlerts.com and/or OxofWallStreet.

10.      The "Thompson Companies" means every entity owned and/or controlled by Thompson, including, without limitation, OTC Solutions LLC, Microcapster Corp., and Gardner Creek Capital, their predecessors, successors, affiliates, and subsidiaries, as well as their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on their behalf.

11.      "Smart Holdings" means Smart Holdings, Inc. and its predecessors, successors, affiliates, and subsidiaries, as well as its or their current and former officers, employees, managers, partners, directors, agents, and any person acting, directly or indirectly, on its or their behalf.

12.      The "Stocks" means one or more of Blast, Blue Gem, Lyric, Mass Hysteria, and Smart Holdings or the securities issued by any one or more of them.

## DOCUMENT REQUESTS

1.      Without any date restriction, all documents concerning legal advice that Thompson, the Thompson Companies and/or the Newsletters received concerning compliance

with applicable laws with respect to the Newsletters and/or web sites maintained by Thompson, the Thompson Companies (the "Web Sites"), and/or the Newsletters, including without limitation, the need for and/or content of disclosures contained in the Newsletters and/or the Web Sites.

2.    All documents, other than those produced as responsive to request 1(a), concerning the efforts of Thompson, the Thompson Companies, and/or the Newsletters to comply with the federal securities laws.

3.    All documents concerning the operations of the Thompson Companies and/or the Newsletters during the period from January 1, 2009 through December 31, 2010 (the "Relevant Period") including without limitation, documents concerning the promotion of the Stocks, including without limitation, the drafting and dissemination the newsletters, trading in the Stocks, and/or anything of value received for the promotion of the Stocks.

4.    All communications with Thompson during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

5.    All communications with Jay Fung and/or every entity owned and/or controlled by Jay Fung, including without limitation, Pudong LLC, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

6.    All communications with Eric Van Nguyen and/or every entity owned and/or controlled by Eric Van Nguyen, including without limitation, Golden Dragon Media, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

7.     All communications with Tuyen Tran and/or every entity owned and/or controlled by Tuyen Tran, including without limitation, Dual Star Media, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

8.     All communications with John Babikian and/or every entity owned and/or controlled by John Babikian, including without limitation, Awesome Penny Stocks, during the Relevant Period, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications.

9.     All documents, including without limitation, all communications, including without limitation, all emails, texts, instant messages, voicemails, letters, and app communications, not produced as responsive to Request number 3, concerning the promotion of the Stocks during the Relevant Period.

10.     All documents concerning the terms of your employment by Thompson, the Thompson Companies, and/or the Newsletters during the Relevant Period, including without limitation, all communications, contracts, W2 forms, 1099 Forms, and/or other documents concerning anything of value you received for services performed for Thompson, the Thompson Companies and/or the Newsletters.

11.     Without any date restriction, all documents not produced as responsive to other Requests concerning all research and/or every investigation conducted by you, Thompson, the Thompson Companies, and/or the Newsletters concerning the Stocks.