THOMPSON HINE    ATLANTA   CLEVELAND   DAYTON   WASHINGTON, D.C.
                 CINCINNATI   COLUMBUS   NEW YORK

August 1, 2018

*Via ECF*

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

RE: SEC v. Anthony J. Thompson, Jr., Jay Fung, and
Eric Van Nguyen, et al.
14-cv-9126 (KBF)

Dear Judge Forrest:

Pursuant to Fed. R. Civ. P. 37, Local Rules 37.1 and 37.2, and the Court's Individual Rule of Practice 2(F), Defendant Anthony J. Thompson, Jr.'s response to the motion to compel discovery filed by the Securities and Exchange Commissions ("SEC"). Since the filing of the SEC's motion, counsel for Mr. Thompson and the SEC have conferred numerous times and have reached agreement on each and every one of the issues presented in the SEC's letter-motion.

For the Court's ease, the enumeration of the relevant issues/sections below track the organization of the SEC's Letter-Motion. The SEC has reviewed and agreed with the language of this response.

I. **The Parties Have Reached Agreement on Each Discovery Issue**

A. *To the Extent Necessary, Mr. Thompson Will Provide a Privilege Log*

To the extent there are privileged materials that Mr. Thompson withholds documents on the basis of privilege, by agreement with the SEC, a privilege log will be provided on or by August 7, 2018. Although Mr. Thompson recently was presented with documents gathered by the Lehman & Eilen law firm, former counsel for OTC Solutions LLC, *see* Section 1.F, *infra,* that are responsive to the third party subpoena served on that firm which may be privileged, it appears that those documents may fall within the limited waiver of the attorney-client privilege that Mr. Thompson has provided for purposes of litigating this case. To the extent those

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966            mf  4847-4443-5567.1

THOMPSON HINE LLP      335 Madison Avenue        www.ThompsonHine.com
ATTORNEYS AT LAW       12th Floor                O: 212.344.5680
                       New York, New York 10017-4611   F: 212.344.6101



Honorable Katherine B. Forrest
August 1, 2018
Page 2

documents are indeed responsive, but privileged, Mr. Thompson will provide a privilege log to the SEC.

Besides that limited set of documents that has not yet been reviewed for an assertion of privilege, there are no other materials that are responsive to the document requests served on Mr. Thompson that he is withholding from production.

By agreement with the SEC, Mr. Thompson will confirm that no responsive documents are being withheld on the basis of privilege **or** provide a privilege log to the SEC by or before the end of day on Tuesday, August 7, 2018.

B.   *Mr. Thompson will Provide Bates-Stamped Versions of his Prior Production, but, by Agreement, the SEC Agrees that the Organizational Format of the Documents Produced Suffice.*

The SEC requested that Mr. Thompson (a) produce a bates-stamped set of documents and (b) identify which documents correspond to which requests, by Sunday, August 5, 2018. Mr. Thompson has engaged a vendor to perform the Bates-stamping task and the vendor has informed counsel that the earliest this task can be completed is by Tuesday, August 7.

The parties have reached an agreement on both issues. Following the filing of the SEC's letter-motion, the parties have agreed that on or before August 7, Mr. Thompson will re-produce a production set of Bates-stamped materials, including an index indicating how the Bates-stamped documents correspond to the folders and sub-folders included in the initial production set. Further, the parties have agreed that Mr. Thompson's production of documents, albeit not indicating to which document requests each document corresponds, because they were produced with the aforementioned descriptive folders and subfolders of the documents they contain, the SEC agrees that this production, for purposes of this case, is sufficient.

Accordingly, the parties have agreed that Mr. Thompson will re-produce his earlier production sets, with Bates-numbers on each document, on or by August 7, 2018, and the SEC withdraws its demand that Mr. Thompson identify which documents correspond to which requests.

C.   *Mr. Thompson Will Confirm on or by August 7, 2018 that Previously-Produced Documents in this Case Contain All Responsive Documents to the New Requests*

The parties conferred once again regarding the SEC's Second Set of Requests, set forth in Section I.C., and counsel for Thompson endeavored to clear up an apparent misunderstanding of



Honorable Katherine B. Forrest
August 1, 2018
Page 3

Mr. Thompson's response to those new requests. In these recent discussions, Mr. Thompson indicated to the SEC that his production set to the SEC *in this matter* contains all responsive documents to the SEC's Second Set of Requests. By agreement with the SEC, Mr. Thompson will thus confirm in writing to the SEC by August 7 that all of the documents within his possession, custody and control responsive to the Second Set of Requests were already produced in this matter. To the extent they were not, Mr. Thompson agrees to re-produce those documents to the SEC by August 14, 2018.

D.   *Mr. Thompson States That No Documents Were Withheld Due to Objections*

In follow-up conferences with the SEC, Mr. Thompson confirmed that no documents were withheld due to his written objections. There is no dispute between the parties on this issue.

E.   *Mr. Thompson Has Not Lost or Destroyed Materials.*

Mr. Thompson likewise states for the record that he has not lost or destroyed materials. There is no dispute between the parties on this issue.

F.   *Mr. Thompson Has Not Interfered With the SEC's Attempts to Obtain Discovery from Various Law Firms.*

As noted in Section I.A., *supra*, Mr. Thompson recently received documents from his former counsel at Lehman & Eilen. Counsel for Mr. Thompson is undergoing a review of that limited production set and will make a determination on whether to assert the attorney-client privilege over the production of certain documents or will agree to waive the privilege pursuant to the limited waiver that he has agreed to in this case. Mr. Thompson will advise Lehman & Eilen of his stance on the production of those documents vis-à-vis his privilege rights by or before Tuesday, August 7. The SEC and Lehman & Eilen are in agreement with this approach and this deadline.

G.   *Mr. Thompson Will Identify the "Others" Referenced in His Interrogatory Responses*

Mr. Thompson does not oppose the SEC's demand that he identify the categories of individuals referenced in Interrogatories set forth in the SEC's letter-brief. By agreement with the SEC, Mr. Thompson will provide that information to the SEC by or before August 7, 2018.



## II. The Parties are in Agreement with the Other Discovery Issues.

*A.   Mr. Thompson Clarified for the SEC That He Has Not Interfered with Discovery Served on His Accountant*

It appears that the SEC believed that Mr. Thompson had "interfered" with the discovery served on his accountants at JF Kearney because of the accounting firm's initial stated understanding that Mr. Thompson was asserting an accountant-client privilege over such documents. After conferences with the SEC and his accountant, Mr. Thompson has made clear that he is not asserting any accountant-client privilege in this matter. Besides that initial contact, Mr. Thompson has not impeded the JF Kearney firm's production in any way. Mr. Thompson has explained this position to his accountants and the SEC and the SEC has agreed that Mr. Thompson is not the appropriate party to direct motion practice regarding JK Kearney's third party subpoena response.

*B and C   Mr. Thompson Agrees to Provide the Contact Information He Has for Persons Identified in his Initial Disclosures*

Mr. Thompson does not oppose the SEC's demand that he provide the contact information ***that he has*** regarding the individuals identified in his initial disclosures and that of Andrew Vines. By agreement with the SEC, he will provide that information on or before August 7.

## III.   Scheduling Issues

Mr. Thompson respectfully joins in the SEC's proposal to adjourn the fact discovery dates and deadlines in the Court's November 20, 2017 Scheduling Order by 90 days and the total discovery period by 60 days, such that both discovery deadlines would be November 28, 2018—which would overlap expert discovery in the same window as fact discovery. Leaving aside the SEC's assertion that Mr. Thompson has hampered the SEC's ability to obtain discovery in this matter—which Mr. Thompson vigorously contests—Mr. Thompson does agree that the need to conduct efficient and complete discovery is duly impressed upon them.

To that end, the parties have begun the process of coordinating and scheduling several depositions, spanning several states, which will need to be conducted in the coming weeks. The undersigned counsel has been in Maryland conducting depositions in an unrelated case this entire week and is unable to conduct and attend deposition sin this matter in the first half of August 2018. Mr. Thompson, similarly, is unable to appear for his deposition until the second half of the month—at the earliest. In order to efficiently schedule each of the depositions in this case,



Honorable Katherine B. Forrest
August 1, 2018
Page 5

and in an effort to continue to resolve their discovery disputes without court-intervention, the parties propose this modest extension of the discovery period.

Accordingly, Mr. Thompson respectfully echoes the SEC's request that a November 28, 2018 cutoff date to complete all discovery would help the parties continue to work through their discovery disputes and undertake the effort of coordinating the scheduling of the litany of depositions that have been noticed up and down the Eastern seaboard.

As the SEC indicated in its letter-motion, all other parties (Defendant Jay Fung and Relief Defendant Kendall Thompson) have also consented to this request.

Respectfully,

/s/ *Maranda E. Fritz*
Maranda E. Fritz

cc: All Counsel (via ECF)