UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                  Plaintiff,  :
                    :
  -against-  :
                    :
ANTHONY J. THOMPSON, Jr., JAY FUNG, and  :
ERIC VAN NGUYEN,  :
                    :  14 Civ. 9126 (ALC)
                Defendants,  :
  -and-  :
                    :
JOHN BABIKIAN and KENDALL THOMPSON  :
                Relief Defendants.  :
                    :
NEW YORK COUNTY DISTRICT ATTORNEY,  :
                Intervenor  :
------------------------------------------------------------------------x

## DECLARATION OF PETER A. PIZZANI IN SUPPORT OF PLANTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Peter A. Pizzani, pursuant to 28 U.S.C. § 1746, do hereby declare as follows:

1.    I am employed by the plaintiff, United States Securities and Exchange Commission ("Commission") as an attorney in Enforcement Division in the Commission's New York Regional Office. I have been admitted by this Court, *pro hac vice*, to appear as an attorney for the Commission in this case.

2.    I submit this declaration, pursuant to Rule 56.1 of the Local Civil Rules for the Southern District of New York and this Court's individual rules, in support of the Commission's motion for partial summary judgment against defendant Anthony J. Thompson, Jr. ("Thompson") based on his prior conviction in a related criminal case in the Supreme Court of New York on charges based on conduct that is the subject of this civil injunctive action.

## I.
## THE PARALLEL CRIMINAL ACTION

3. In or about September 2014, Thompson and several other individuals, including Jay Fung and Eric Van Nguyen, were indicted in New York Supreme Court, in a case titled *People of New York v. Thompson*, Indictment No. 3853-201412-CR-127 (the "Criminal Action"). The Indictment, which is attached as **Exhibit A**, charged Thompson with various crimes including Criminal Possession of Stolen Property in the First Degree, a class B felony; Criminal Possession of Stolen Property in the Second Degree, a class C felony; Grand Larceny in the Second Degree, a class C felony; Grand Larceny in the Third Degree, a class D felony; Grand Larceny in the Fourth Degree, a class E felony; Scheme to Defraud in the First Degree, a class E felony; and multiple violations of the Martin Act, the New York state analog to the anti-fraud provisions of the federal securities laws, which is a class E felony.

4. The Indictment described the basis for the securities fraud charges as follows:

> THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the defendants Anthony Thompson, Eric Van Nguyen, Jay Fung, Joseph Dervali, Christopher Balseiro, Hanna Schmieder, Luz Rodriguez, and Kenneth Oxsalida of the crime of SECURITIES FRAUD, in violation of General Business Law §352-c(5), committed as follows:
>
> The defendants Anthony Thompson, Eric Van Nguyen, Jay Fung, Joseph Dervali, Christopher Balseiro, Hanna Schmieder, Luz Rodriguez, and Kenneth Oxsalida, in the County of New York and elsewhere, during the period from on or about April 3, 2009 to on or about June 1, 2012, intentionally engaged in a scheme constituting a systematic ongoing course of conduct with intent to defraud 10 or more persons and to obtain property from 10 or more persons by false and fraudulent pretenses, representations, and promises and so obtained property from one or more such persons while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase of securities, to wit, the stock of several companies including Hydrogenetics, Inc. (HYGN);

> Xynergy Holdings (XYNH); Blast Applications, Inc. (BLAP); Blue Gem Enterprise, Inc. (BGEM); Mass Hysteria Entertainment Company, Inc. (MHYS); Recycle Tech, Inc. (RCYT); Lyric Jeans, Inc. (LYJN); Smart Holdings, Inc. (SMHS); and Sunpeaks Ventures (SNPK).

Ex. A, Indictment at 1-2.

5. The District Attorney of New York County ("DANY") issued a press release describing the conduct that was the subject of the Indictment in greater detail:

> According to the indictment and documents filed in court, between April 2009 and May 2012, ANTHONY THOMPSON, 38, ERIC VAN NGUYEN, 30, and JAY FUNG, 40, acted as a penny stock promotion team that conspired with individuals in control of public companies to "pump-and-dump" the companies' stock. The promoters controlled numerous penny stock websites, including OxofWallStreet.com, PennyPic.com, and MonsterStox.com, from which they sent email blasts promoting the stocks to thousands of potential investors. With an agreement in place that the promoters would blast emails "pumping" the stock, participants in the scheme allegedly acquired public shell companies with available shares into which they merged newly-created private companies. Once they obtained control of the public shell companies, corporate insiders are then accused of transferring and issuing millions of free-trading shares to themselves, their associates, friends, and family members, in order to control the supply of those shares and drive up the price of the stock during the upcoming promotional campaign.
>
> With millions of shares in the hands of the defendants and other participants, THOMPSON, VAN NGUYEN and FUNG coordinated with corporate insiders to issue press releases as part of their promotional campaigns. Potential investors received false and misleading emails encouraging them to purchase shares in the companies. As demand for the stock rose and drove up the market price, the defendants and other participants are charged with liquidating, or "dumping," their own shares, while ceasing to email promotional materials. As a result, the price of the stock abruptly plummeted, leaving public investors with nearly worthless stock.
>
> Through their scheme, the defendants are charged with inducing thousands of investors to purchase approximately $290 million worth of securities in numerous public companies, including Hydrogenetics, Inc. (HYGN); Xynergy Holdings, Inc.

(XYNH); Blast Applications, Inc. (BLAP); Blue Gem Enterprise, Inc. (BGEM); Mass Hysteria Entertainment Company, Inc. (MHYS); Recycle Tech, Inc. (RCYT); Lyric Jeans, Inc. (LYJN); Smart Holdings, Inc. (SMHS); and Sunpeaks Ventures (SNPK).

A copy of the Press Release is attached as **Exhibit B**.

6. In the Second Count of the Indictment, Thompson was charged with the crime of scheme to defraud in the first degree in violation of Penal Law §190.65(1)(a), described as follows in the Indictment:

> The defendants Anthony Thompson, . . . in the County of New York and elsewhere, during the period from on or about April 3, 2009 to on or about June 1, 2012, engaged in a scheme constituting a systematic ongoing course of conduct with intent to defraud 10 or more persons and to obtain property from 10 or more persons by false and fraudulent pretenses, representations and promises, and so obtained property from one or more such persons.

Ex. A, Indictment at 2.

7. Count Twelve of the Indictment charged Thompson with securities fraud in violation of General Business Law §352-c(5), with respect to a scheme involving Blue Gem Enterprise, Inc. which is described in the Indictment as follows:

> The defendants Anthony Thompson, . . . in the County of New York and elsewhere, during the period from on or about July 1, 2009 to on or about February 28, 2010, intentionally engaged in a scheme constituting a systematic ongoing course of conduct with intent to defraud 10 or more persons and to obtain property from 10 or more persons by false and fraudulent pretenses, representations, and promises and so obtained property from one or more such persons while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase of securities, to wit, the stock of Blue Gem Enterprise, Inc. (BGEM).

Ex. A, Indictment at 8-9.

8. On or about September 2017, Thompson entered into a plea agreement in the Criminal Action pursuant to which he agreed to plead guilty to counts two (Scheme to Defraud

in the First Degree), twelve (Securities fraud with respect to the Blue Gem Promotion) and 46 of the Indictment (Securities fraud with respect to the promotion of Recycle Tech stock). The Plea Agreement dated September 27, 2017is attached as **Exhibit C**.

9. On September 27, 2017, Thompson made the following allocution in New York Supreme Court in connection with his guilty plea:

> During the period from April 2009 and continuing through 2012 I participated in Transactions with Kevin Sethgy (sic, phonetic spellings) that he and others related to Stock and Recycle Tech and Blue Gem Enterprises. Specifically, I agreed to conduct promotional complaints [sic] relating to stock of those companies and I engaged in newsletter promotions that resulted in increases in volume of trading and the price of those stocks and did this as part of the scheme intended to defraud ten or more investors, and I participated in transactions in order to obtain property and did obtain property as a result of those transactions.

A copy of the transcript of the plea hearing is attached as **Exhibit D**.

10. During his plea hearing, Thompson was asked, "Are you pleading guilty, sir, because you are in fact guilty?" Thompson responded "Yes, Your Honor." Ex. D, Plea Tr. 3:20-22.

11. On January 4, 2019, Thompson was sentenced on all three of the counts referenced above, and given a one year term of imprisonment. A copy of the January 4, 2019 Sentencing Transcript is attached as **Exhibit E**.

## II.

## THE COMMISSION'S PARALLEL CHARGES IN THIS ACTION

12. On November 17, 2014, the Commission filed the complaint initiating this action (the "Complaint"). A copy of the Complaint is attached as **Exhibit F**. The Complaint charged Thompson and others with violating the securities laws based on conduct that was also included in the Criminal Action, namely, fraudulent schemes involving the promotion of the stocks of

Blast Applications Inc. ("Blast), Smart Holdings, Inc. ("Smart Holdings"), Blue Gem Enterprise, Inc. ("Blue Gem"), Lyric Jeans, Inc. ("Lyric"), and Mass Hysteria Entertainment Company, Inc. ("Mass Hysteria"). The Complaint alleges, in part:

> This case involves five "pump-and-dump" schemes orchestrated by the Defendants to create demand for five penny stocks between November 2009 and September 2010, generating at least $10 million in ill-gotten gains for the Defendants and the Relief Defendants. Specifically, Thompson, Fung and Van Nguyen conducted campaigns to inflate the prices of penny stock issued by Blast Applications Inc. ("Blast), Smart Holdings, Inc. ("Smart Holdings"), Blue Gem Enterprise, Inc. ("Blue Gem"), Lyric Jeans, Inc. ("Lyric"), and Mass Hysteria Entertainment Company, Inc. ("Mass Hysteria").

The Defendants' campaigns involved a series of misleading electronic marketing newsletters distributed by entities they controlled. The details of the five pump and dump schemes differed, but each involved the same general structure:

a. Defendants (or entities they controlled) acquired a significant amount, or the majority, of the publicly traded shares of each company;

b. Defendants sent misleading newsletters to prospective investors touting the companies and creating demand for the stocks, thereby pumping up the share prices;

c. Defendants sold their own shares at the artificially high price their promotion had created, thereby depressing the stocks' prices as they dumped their shares into the market; and

d. Defendants left unwitting investors with losses when the share prices dropped to their pre-promotion levels.

Ex. F, Complaint, ¶¶ 1 and 2.

13. On December 11, 2017, Thompson filed an answer. A copy of Thompson's answer ("Answer") is attached as **Exhibit G**. In his answer, Thompson admitted (explicitly or by virtue of rules of pleading) that he was the managing director of and had ultimate authority over OTC Solutions LLC ("OTC Solutions") a now-defunct entity based in Bethesda, Maryland, that OTC Solutions distributed electronic penny stock promotion newsletters, including ExplicitPicks.com, PremierPennyStocks.com, ExplicitPennyPicks.com,

FreeInvestmentReport.com, FreePennyAlerts.com and OxofWallStreet.com, and that Thompson controlled a company called Microcapster, Inc. ("Microcapster"). Ex. F, Complaint ¶ 9; Ex. G, Answer ¶ 9.

14. The Complaint alleges that Thompson distributed one or more of the newsletters identified above to promote the stocks of Blast, Blue Gem, Lyric Jeans, Smart Holdings, and Mass Hysteria during a time period that falls within the scope of the Criminal Action. Ex. F, Complaint ¶¶ 1-2.

15. Copies of five newsletters from entities controlled by Thompson in connection with the Blast promotion are attached as **Exhibit H**.

16. Copies of thirty-two newsletters from entities controlled by Thompson in connection with the Blue Gem promotion are attached as **Exhibit I**.

17. Copies of five newsletters from entities controlled by Thompson in connection with the Lyric Jeans promotion are attached as **Exhibit J**.

18. Copies of ten newsletters from entities controlled by Thompson in connection with the Smart Holdings promotion are attached as **Exhibit K**.

19. Copies of two newsletters from entities controlled by Thompson in connection with the 2010 promotion of Mass Hysteria are attached as **Exhibit L**. These newsletters are somewhat dissimilar in format to the other newsletters referenced above. The Commission staff obtained copies of these newsletters during its investigation and in discovery in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2019

_____
Peter A. Pizzani