UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

ANTHONY J. THOMPSON, JR., JAY FUNG, and ERIC VAN NGUYEN,

    Defendants,

and

JOHN BABIKIAN and KENDALL THOMPSON,

    Relief Defendants,

NEW YORK COUNTY DISTRICT ATTORNEY,

    Intervenor.

Case No.: 14-cv-9126 (ALC)

---

### DECLARATION OF RICCARDO DEBARI IN SUPPORT OF ANTHONY J. THOMPSON JR.'S OPPOSITION TO THE SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Riccardo DeBari, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am a partner at the law firm of Thompson Hine, LLP, counsel for Defendant Anthony J. Thompson ("Mr. Thompson"). I have been employed as an attorney by Thompson Hine for approximately 5 years.

2. I submit this declaration, made with my personal knowledge, except where otherwise stated, in support of Mr. Thompson's Opposition to the Motion for Partial Summary Judgment filed by the SEC in the above-captioned proceedings.

3. Where I make this Declaration based on personal knowledge, information and belief, sources of my information and belief are documents obtained by my firm and reviewed by me, including bank account statements, wires, checks, credit card account statements, brokerage records and transaction records for Mr. Thompson and related entities.

### Proceeds Obtained by Mr. Thompson In Relation to BGEM

4. After review of the transfers relating to the Blue Gem (BGEM) promotion, I have confirmed that Mr. Thompson received a total of $200,000.00.

5. Specifically, on December 22, 2009, Microcapster Corp. ("Microcapster") received a wire in the amount of $1,109.366.00 from its brokerage account, XXX-XXX-1666 ("1666") to its bank account at PNC Bank, XXXXXX-7555 ("7555") from the proceeds of the sales of BGEM, following the BGEM promotion, which lasted from December 10 to December 21, 2009. Annexed hereto as Exhibit A is a true and correct copy of the wire transfer.

6. As reflected in the top two postings at the bottom portion of the People's Exhibit 52c, at the page marked 0003969, a chart created by the District Attorneys' Office ("DANY"), in connection with a parallel proceeding in the Supreme Court of New York, New York County, Microcapster transferred funds to others who had earned those amounts through their participation in the BGEM stock promotion. It transferred $130,000 to Eric van Nguyen. Annexed hereto as Exhibit B is a true and correct copy of the People's Exhibit 52c bearing bates number DANY 0003969. This is likewise reflected in Exhibit 20 to the Vitale Declaration. Annexed hereto as Exhibit C is true and correct copy of December 22, 2009 SWIFT transfer.

Thereafter, it transferred an additional $219,000 to Pudong LLC, an entity associated with Jay Fung. *See* Exhibit C.

7. Microcapster also promptly disbursed other transaction-related expenses reflected on the People's Exhibit 52c. It distributed $225,000.00 to Capital K Corp., *see* Exhibit D at DANY 0003962, on information and belief based on its partial ownership of the firm.

8. It disbursed another $50,000.00 to Justin Failla for services directly relating to the BGEM transaction including marketing and payment for internet advertising (a true and correct copy annexed hereto as Exhibit E).

9. Microcapster paid an additional $125,000.00 to OTC Solutions, an entity formed by Mr. Thompson that also paid substantial amounts for internet advertising. A review of the records of OTC Solutions reflects that it in turn disbursed those funds to Google and to Marketwire LP Toronto for digital advertising expenses incurred during the promotion, the last of which was on 12/18. (A true and correct copy of the People's Exhibit 52a, DANY 0002779, is annexed hereto as Exhibit F.) The difference in the beginning balances on 12/11 ($92,274) and 12/18 ($35,510), *see* DANY 2778, shows that $56,763.84 of the $125,000 later transferred to OTC Solutions were paid to cover transaction costs in the form of Google Ad internet marketing purchases directly attributable to the BGEM promotion.[1] *Id.*

---

[1] The other transactions follow a similar pattern of substantial disbursements for transaction costs. With regard to the promotion for Lyric Jeans (LYJN), for example, the SEC properly includes two deductions from the $1,510,578 of LYJN proceeds: $760,000 and $90,000, which represent business transactions. Other transaction expenses were also paid including a March 30 transfer of $27,500 to Secrest Consulting (*see* Exhibit G, a true and correct copy of the People's Ex. 52a, at DANY 002854); a March 30 transfer of $27,450 to Pat Boyd LLC; an April 1 transfer of $256,850.78 to Google for ad buys for the LYJN promotion (*see* Exhibit H, a true and correct copy of the People's Ex. 52a, at DANY 002870); and an April 16 transfer of $114,668 to MacroMark Inc. for ad buys for the LYJN promotion (*id.*). Deduction of those transaction costs leaves a remainder of $234,090.

3

10. Finally, a total of $200,000.00 was into the account of Anthony and Kendall Thompson's PNC Account. *See* Exhibit I, a true and correct copy of the People's Ex. 52e, at DANY 004557-4559.

Executed on: March 13, 2019

                                                               _Riccardo DeBari_ by MEF
                                                               Riccardo DeBari